Charles L. COLEMAN, Petitioner,

v.

G.M. JOHNSON et al., Respondents.

Civ. A. No. 82–0017–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Sept. 29, 1983.

Robert I. Asbury, Marion, Va., for petitioner.

Linwood T. Wells, Richmond, Va., for respondents.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Charles L. Coleman was convicted in the Circuit Court of Smyth County of statutory burglary, Va.Code § 18.2–91, as amended, and of grand larceny, Va.Code § 18.2–95, as amended. For each charge, he was sentenced to confinement in the penitentiary for a term of ten years.

The Supreme Court of Virginia denied Coleman's petition for a writ of error. The plaintiff then petitioned this court, pursuant to 28 U.S.C. § 2254, for a writ of habeas corpus in which he alleged eleven errors entitling him to relief. The court denied the petition on December 27, 1982. Next, the petitioner petitioned the court for a rehearing based on only one ground. The court granted the petition to rehear and scheduled oral argument on two different occasions. Because of certain circumstances, however, oral argument was not held.

After a detailed analysis of the case, the court is of the opinion that any oral argument by the petitioner would not contribute significantly to the decisional process of the court. The decision is that the petition for a writ of habeas corpus will be dismissed. By means of this Memorandum Opinion, the court will now expound the rationale on which it bases its decision.

## I. THE ISSUE AND ITS ELEMENTS

The petitioner set forth the central issue in the original petition for a writ of habeas corpus, by saying:

Petitioner's rights under the 5th and 14th Amendments to the Constitution of the United States were violated by the admission of hearsay evidence as to the ownership of the automobile which was the object of the warrantless search and petitioner's rights to confrontation provided by Article 1, Section 8, of the Virginia Constitution were also violated by the same evidence.

In other words, the petitioner contends that his custody is in violation of federal constitutional law because his convictions were based on hearsay testimony admitted into evidence during the trial and on the subsequent denial of his right of confrontation of his witnesses.

The Court examined three elements of the petitioner's claim. Specifically, it determined: first, whether the proffered statement concerning the ownership of the automobile was hearsay and erroneously was admitted into evidence by the trial court; second, if it was hearsay evidence, whether its admission then violated the petitioner's sixth amendment right to confront his witnesses; and third, even if the evidence was hearsay, whether the other evidence presented by the Commonwealth was sufficient for a rational trier of fact to have found the petitioner guilty as charged. An exposition of the court's analysis of each element follows.

## II. THE HEARSAY RULE: ITS NATURE AND RATIONALE

██ Hearsay is defined as "testimony given by a witness who relates, not what

he knows personally, but what others have told him, or what he has heard said by others." (Citation omitted.) *Cross v. Commonwealth*, 195 Va. 62, 74, 77 S.E.2d 447, 453 (1953). Generally speaking, "hearsay evidence is incompetent to establish any fact, which in its nature is susceptible of being proved by witnesses who can speak from their own knowledge. Hearsay evidence is excluded, because it lacks the sanction of an oath and the test of cross-examination, and facilitates the use of perjured evidence." (Footnotes omitted.) 7 Michie's Jur. *Evidence* § 195, at 609 (1976). In other words, out-of-court statements traditionally are excluded because they lack the conventional indicia of reliability. Thus, cross-examination is the essential procedure by which accuracy is ensured and truth is discovered.

A careful review of the trial court's record showed that Deputy Sheriff Kenney's testimony concerning the ownership of the automobile was indeed hearsay. (Tr. 53–55). The deputy sheriff testified that the car in which the belongings had been found was registered to the petitioner: He was inferring, of course, a link between petitioner's ownership of the car and his commission of the criminal offense. The deputy sheriff, however, was repeating the statement of an anonymous declarant. That declarant was not subjected to cross-examination at the trial or at the time the statement was first made. In fact, the declarant was not even identified so that the petitioner could have called him or her as a witness.

Thus the deputy sheriff did not have first-hand knowledge concerning the ownership of the automobile and could not attest under cross-examination to the reliability of the information or to the method of its compilation. His proffered statements erroneously were admitted into evidence by the trial court.

This error of evidential admission stands in spite of the fact that the reliability of the information could have been established by one of two procedures: namely, by the

calling of the actual compiler of the report as a witness; or, pursuant to the Va.Code §§ 46.1–34 and 46.1–34.1, as amended, by the proffering of the certificate of the license plate number of the motor vehicle as prima facie evidence of ownership. This error, however, does not hinder the efforts of the court to inquire into the petitioner's right to a writ of habeas corpus.

## III. THE CONFRONTATION CLAUSE AND THE SUFFICIENCY OF THE EVIDENCE TO SUPPORT A CONVICTION

The United States Supreme Court has held that "[t]he Sixth Amendment's Confrontation Clause, made applicable to the States through the Fourteenth Amendment, ... provides: 'In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with witnesses against him'" *Ohio v. Roberts*, 448 U.S. 56, 62–63, 100 S.Ct. 2531, 2537–2538, 65 L.Ed.2d 597 (1980). Thus, the essence of the Confrontation Clause is that a constitutionally required threshold level of inquiry is afforded the accused.

Often, a discussion of the Confrontation Clause is linked with issues concerning the evidentiary hearsay rule and its exceptions. The Court in *Dutton* declared, for example, that "[i]t seems apparent that the Sixth Amendment's Confrontation Clause and the evidentiary hearsay rule stem from the same roots. But this court has never equated the two, and we decline to do so now." *Dutton v. Evans*, 400 U.S. 74, 86, 91 S.Ct. 210, 218, 27 L.Ed.2d 213 (1970). (Footnotes omitted.) On the other hand, when a defendant in a criminal prosecution invokes the hearsay exclusionary rule, he is fortified by the Confrontation Clause of the Sixth Amendment to the United States Constitution.

The Confrontation Clause, however, does not require that "no hearsay evidence can ever be introduced." *Dutton v. Evans*, 400 U.S. at 80, 91 S.Ct. at 215. By distinguishing the cases argued by the petitioner, the Court in *Dutton* interpreted the nature of the admissibility of hearsay evidence in these words:

> This case does not involve evidence in any sense "crucial" or "devastating" .... It does not involve the use, or misuse, of a confession made in the coercive atmosphere of official interrogation .... It does not involve any suggestion of prosecutorial misconduct or even negligence .... It does not involve the use by the prosecution of a paper transcript .... It does not involve a joint trial .... And it certainly does not involve the wholesale denial of cross-examination ....

*Dutton v. Evans*, 400 U.S. at 87, 91 S.Ct. at 219. Essentially, the Court held that the admission of an out-of-court statement into evidence would not result in the denial of the defendant's right of confrontation if the hearsay evidence was of peripheral significance at most and if it bore the indicia of reliability that fully warranted its being placed before the trier of fact. *Id.* at 87–89, 91 S.Ct. at 219–220. Stated another way, a defendant's trial will not be marred by a substantial constitutional error if this two-pronged standard of admissibility is used to place a statement before the jury even though its declarant is not confronted.

The Fourth Circuit Court of Appeals also has been presented with the constitutional question of a defendant's right to confront his accusers. The Court in the *Freeman* case, for example, reversed a federal district court's order granting a writ of habeas corpus to the state prisoner whose conviction of the possession of a shotgun allegedly was based on hearsay evidence. *Freeman v. Slayton*, 550 F.2d 909 (4th Cir.1976), *cert. denied*, 429 U.S. 1111, 97 S.Ct. 1150, 51 L.Ed.2d 566 (1977). Judge Widener wrote that by using the test of "any evidence at all," the court found that the conviction was based on sufficient evidence unobjected to on ground of hearsay. Thus, the court did not have to consider the constitutional question or the petitioner's rights under the Confrontation Clause. *Id.* at 910, 911.

In his dissent from the denial of certiorari, Mr. Justice Marshall expressed grave concerns that the court did not consider the problem of the Confrontation Clause. He then analyzed whether the Confrontation Clause was violated in this case by using the two-pronged standard developed in *Dutton. Cf. Dutton v. Evans*, 400 U.S. at 87–89, 91 S.Ct. at 219–220.

More recently, the Fourth Circuit has rendered decisions concerning the hearsay rule and the Confrontation Clause. *United States v. West*, 574 F.2d 1131 (4th Cir. 1978); *United States v. Garner*, 574 F.2d 1141 (4th Cir.1978). The Court held in both cases that sworn grand jury testimony may be admitted under the exceptions to the hearsay rule of the Federal Rules of Evidence when it possesses, under the circumstances, the indicia of essentiality and trustworthiness. The Court in *Garner* stated, for example, that "[t]he admission of such sworn testimony is not a violation of the Confrontation Clause of the Constitution if it bears sufficient guarantees of reliability and the circumstances contain a sufficient basis upon which the jury may assess its trustworthiness." *United States v. Garner*, 574 F.2d at 1144. In other words, "[i]t should not be surprising that the same circumstances suffice to meet the requirements of § 804(b)(5) [sic] and of the Confrontation Clause." *United States v. West*, 574 F.2d at 1138.

The court in *West* also discussed the standard of reliability which would meet the requirements both of the Confrontation Clause and of the exceptions to the hearsay rule:

> If the admission of the declaration is harmless, no problem is presented, but faithfulness to the constitutional principle demands the exclusion of all extrajudicial declarations having no substantial indicia of reliability if admission of the declaration would have some tendency to persuade the jury to a finding of guilt.... [W]e reject the notion that small indications of reliability will suffice if the prejudicial effect of the declaration is supposed to be not great while preserving a stricter standard for the admission of declarations seemingly having a greater impact.

*Id.* In other words, the standard used to determine the reliability of an extra-judicial declaration is not a flexible one: The degree of reliability that an out-of-court statement must possess is not controlled by the degree of its adverse effect upon the trier of fact.

The United States Supreme Court apparently used this requirement of "indicia of reliability" in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), in which the transcript of a witness' testimony from a preliminary hearing was admitted into evidence even though the witness actually had not been cross-examined at the hearing and was unavailable for cross-examination at the trial. The Court reasoned that the testimony bore sufficient "indicia of reliability" since by means of his many leading questions, the defense counsel at the preliminary hearing clearly participated in cross-examination as a matter of form and substantially complied with the principal purposes of cross-examination and the Confrontation Clause. The Court therefore concluded that "certain hearsay exceptions rest upon such solid foundations that admission of virtually any evidence within them comports with the 'substance of the constitutional protection.'" *Id.* at 66, 100 S.Ct. at 2539. (Citation omitted.) (Footnote omitted.)

In the instant case, the problem of the Confrontation Clause is evident: The record clearly shows that the deputy sheriff did not have first-hand knowledge concerning the ownership of the car and could not attest under cross-examination to the reliability of the information. Thus, this court is of the opinion that the petitioner's right of confrontation was violated. Further analysis will show, however, that the hearsay evidence was of peripheral significance at most and that the constitutional error was "harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

Once an independent constitutional error is established, the remaining question is not whether a conviction was based on some evidence, but whether the evidence was substantial "upon which a *jury* might justifiably find the defendant guilty beyond a reasonable doubt." *White v. United States,* 279 F.2d 740, 748 (4th Cir.1960); *United States v. Chappell,* 353 F.2d 83, 84 (4th Cir.1965) (Emphasis in the original). Stated another way, the constitutional safeguard of proof beyond a reasonable doubt, which is expounded in *Winship,* is a constitutional standard necessary to the enforcement of the essentials of due process and fair treatment in criminal trials. *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

The United States Supreme Court discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a standard of review, albeit not new, which a federal court uses in its considerations of a petition for a writ of habeas corpus. The critical inquiry on review is focused not on a test of any evidence but on the standard of a constitutional sufficiency of evidence to support a state court conviction:

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.... Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon "jury" discretion only to the extent necessary to guarantee the fundamental protection of due process of law.

*Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789. (Emphasis in the original.) (Footnotes omitted.) "It is also well settled that circumstantial 'evidence may support a verdict of guilty, even though it does not exclude every reasonable hypothesis consistent with innocence.' " *United States v. Bobo,* 477 F.2d 974, 989 (4th Cir.1973)

(quoting *United States v. Gilmore,* (4th Cir. No. 72–1529, Aug. 28, 1972)); *United States v. Chappell,* 353 F.2d 83, 84 (4th Cir.1965).

Based on the constitutional standard dictated by *Winship,* the criminal conviction of the petitioner in the instant case can stand. A scrutiny of the record in the light most favorable to the prosecution convinces this court that a rational factfinder readily could have found the petitioner guilty beyond a reasonable doubt of statutory burglary and grand larceny under Virginia law. More specifically, the Commonwealth's uncontradicted evidence established that the petitioner had been in the television shop. The owner of the shop had observed the petitioner unplugging a television set within his shop and indeed had caught the petitioner shortly thereafter in the act of carrying out other items belonging to him. A vehicle located nearby had been filled with items from the television shop. From these uncontradicted circumstances, a rational factfinder readily could have inferred beyond a reasonable doubt that, notwithstanding the hearsay evidence, the petitioner had placed the items from the shop into the vehicle.

### III. CONCLUSION

It is evident from the record that the trial court erroneously admitted hearsay testimony into evidence concerning the ownership of the automobile. The petitioner then was denied his right to confront his witnesses: that is, he was not afforded the constitutionally required threshold level of inquiry, which is guaranteed by the Confrontation Clause of the Sixth Amendment.

This court is of the opinion, however, that these errors were harmless beyond a reasonable doubt. In other words, the issue of the ownership of the vehicle fades into practical and legal insignificance when the standard of review established in *Jackson* is applied to the substantive elements of the criminal offenses as defined by Virginia law. The record shows that the hearsay evidence was not the sole evidence

linking the petitioner to the criminal offenses. After viewing all the evidence in the light most favorable to the prosecution, a rational factfinder readily could have found the essential elements of each offense beyond a reasonable doubt.

Prejudicial error is not evident in the instant case. The dispositive issues have been decided authoritatively. Accordingly, the court will dispense with oral argument and will grant, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the respondents' motion to dismiss.

The Clerk is directed to send certified copies of this Memorandum Opinion to counsel of record.