**Norfolk**

ERNEST GEORGE INGRAM

v.

COMMONWEALTH OF VIRGINIA

No. 0012-84

Argued September 10, 1985

Decided January 7, 1986

COUNSEL

William H. Oast, III (Babb, Oast, Hook & Crowe, on brief), for appellant.

Lucy H. Allen, Assistant Attorney General (Gerald L. Baliles, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Ernest George Ingram (appellant) raises two issues in this appeal from his conviction for driving on a revoked or suspended operator's permit. The first is whether a Division of Motor Vehicles' transcript of his driving record was properly admitted in evidence. The second is whether the court erred in allowing a state trooper to testify regarding statements made by appellant without appellant having been given the *Miranda*

warnings. We find no reversible error in either instance.

In April, 1984, Trooper David Copley stopped the car appellant was operating on Interstate 264 in Portsmouth, Virginia, because the vehicle had expired state registration tags. When Trooper Copley asked him for his operator's license, appellant first replied that he had left it at home but then admitted that his license had been suspended. Appellant was charged with driving on a revoked or suspended operator's license in violation of Code § 46.1-350.

At trial, the Commonwealth offered a Division of Motor Vehicles' transcript of appellant's driving record to prove that his license or privilege to drive had been suspended or revoked and remained so at the time of the alleged offense. Appellant objected to the admission of the transcript on the ground that it was hearsay evidence. He argued that to be admissible the copy or transcript must be doubly authenticated as required by Code § 8.01-390, which provides that copies of state records "shall be received as prima facie evidence provided that such copies are authenticated to be true copies both by the custodian thereof and by the person to whom the custodian reports." The trial court ruled, however, that double authentication was not required and held the transcript admissible because of compliance with Code § 46.1-34.1.[1]

■ The trial court concluded that compliance with Code § 46.1-34.1 resolved both the hearsay and the authentication obstacles to the document's admissibility. We hold that the trial judge correctly ruled the transcript admissible, but the justification for doing so is not solely founded upon Code § 46.1-34.1. While that statute allows a copy or transcript to be offered in lieu of the original Division of Motor Vehicles' record and simplifies the procedure for authenticating such a copy or transcript, the hearsay issue is resolved independently of Code § 46.1-34.1. By the language of the statute, a copy of a record of the Division of Mo-

---

[1] Code § 46.1.34.1 states: "Whenever any record including records maintained by electronic media or by photographic processes or paper in the office of the Division of Motor Vehicles is admissible in evidence, a copy, a machine-produced transcript or a photograph of such record or paper attested by the Commissioner or someone designated by him for that purpose, may be admitted as evidence in lieu of the original.

Any such copy, transcript, photograph or any certification purporting to be sealed or sealed and signed by the Commissioner or such person designated by him as hereinabove provided may be admitted as evidence without any proof of the seal or signature or of the official character of the person whose name is signed thereto."

tor Vehicles is admissible in lieu of the original only when the record itself is admissible in evidence. Code § 46.1-34.1. Whether or not the original record or document is admissible, either as an exception to the rule excluding hearsay or because it is not hearsay, must be decided separately. Code § 46.1-34.1 does not cure or address the hearsay problem.

I.

Hearsay evidence is a spoken or written out-of-court declaration or a nonverbal assertion offered in court for the truth of the matter asserted therein. C. Friend, *The Law of Evidence in Virginia* §223, p. 479 (2d ed. 1983). Such out-of-court statements or assertions traditionally have been excluded because they have been perceived to lack the conventional indicia of reliability, and are not susceptible to cross-examination. *Coleman v. Johnson*, 574 F. Supp. 360, 361 (W.D. Va. 1983). The Division of Motor Vehicles' transcript of the appellant's driving record was hearsay because it was offered to show that appellant's license or privilege had been suspended or revoked by the Commissioner.

Nevertheless, Virginia follows the general view that official written statements are admissible as an exception to the hearsay rule:

It is a generally recognized rule that records and reports prepared by public officials pursuant to a duty imposed by statute, or required by the nature of their offices, are admissible as proof of the facts stated therein.

*Williams v. Commonwealth*, 213 Va. 45, 46, 189 S.E.2d 378, 379 (1972) (per curiam). This exception arose from the need to obviate the "inconvenience of requiring public officials to appear in court and testify concerning the subject matter of their records and reports." Cleary, *McCormick on Evidence* §315 (3d ed. 1984). The underlying rationale which justifies admitting facts contained in official records as an exception to the hearsay rule is that the concern for reliability is largely obviated because the nature and source of the evidence enhance the prospect of its trustworthiness. *See* Advisory Committee Note, Federal Rules of Evidence for United States Courts and Magistrates, 56 F.R.D. 181, 311 (1972) ("Justification for the exception [Rule 803(8)—Public

Records and Reports] is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record."). The hearsay objection is overcome under this exception, however, only if the document "relates facts or events within the personal knowledge and observation of the recording official to which he could testify should he be called as a witness." *Williams*, 213 Va. at 46, 189 S.E.2d at 379.

The Commissioner of the Division of Motor Vehicles is a public official charged with the responsibility of administering the powers and duties of the Division, which include the issuance, suspension and revocation of operators' and chauffeurs' licenses. Code § 46.1-25. The Commissioner is charged with the duty of receiving and maintaining accurate records of specified motor vehicle related convictions, findings of not innocent in the cases of juveniles, and every bond forfeiture in motor vehicle cases from every district and circuit court in the Commonwealth. Code § 46.1-413. The Commissioner has the statutory responsibility of revoking or suspending the privilege and license of a driver upon receipt of a transcript of conviction or finding of not innocent in the case of a juvenile of certain motor vehicle offenses. Code § 46.1-417.

Upon the facts presented, the Commissioner was charged with the statutory duty of administratively suspending or revoking Ingram's privilege or license to operate a motor vehicle upon receipt of a transcript of conviction for violating Code § 18.2-266 or similar law or ordinance. The Commissioner is further charged with the duty of not reissuing or renewing the privilege or license, during which time the suspension or revocation remains in effect, for a period of three years or until the operator complies with Code §§ 46.1-439 and 46.1-438. The transcript was offered to prove that the Commissioner had administratively revoked or suspended appellant's privilege or license to operate a motor vehicle. *See* Code § 46.1-441.2. Had the Commissioner been a witness at trial, he would have been able to testify that he had administratively revoked appellant's privilege or license in accordance with his statutorily imposed duties and that the revocation or suspension remained in effect on the date of the alleged offense.[2] Thus, if prop-

---

[2] We do not consider in this appeal whether the Division of Motor Vehicle transcript would have been admissible to prove a judicial revocation or suspension of an operator's privilege or license to operate a motor vehicle.

erly authenticated—that is, proven to be genuine—the transcript which contained facts known to the Commissioner was admissible to prove that the appellant's license had been revoked.

## II.

However, appellant contends that Code § 8.01-390 sets out the authentication procedure necessary to have the transcript admitted into evidence and provides the necessary procedure to admit a copy in lieu of the original document. We note that Code § 8.01-390 has codified the official written documents exception recognized in Virginia for documents or copies of documents that are properly authenticated in accordance with its requirements. Code § 8.01-390 provides that "copies of records of this Commonwealth . . . shall be received as prima facie evidence," but to comply with the statute double authentication is necessary to prove genuineness as a prerequisite to admission of a copy. Proper authentication under this statute requires not only certification of the copy as a true copy by the custodian of the record and the person to whom he reports, but also a showing that the persons certifying are indeed the custodian and the person to whom he reports. *See Taylor* v. *Maritime Overseas Corp.*, 224 Va. 562, 565-66, 299 S.E.2d 340, 342 (1983). The latter requirement is crucial to admission into evidence of those documents governed by Code § 8.01-390. The statute addresses the admission of all nonjudicial records as evidence; without double authentication, a court presented with a document from a source with which it is unfamiliar would have no means of judging its genuineness. *See id.*

However, records maintained by the Division of Motor Vehicles pursuant to a duty imposed by statute create no such problems for a court. The Commissioner or his designee is the custodian by statute. Code § 46.1-34.1 specifically addresses the certification and admissibility of records maintained by the Division of Motor Vehicles. The first paragraph of Code § 46.1-34.1 alleviates the best evidence problem by allowing a certified copy or transcript to be admitted in lieu of the original. The second paragraph sets forth the authentication procedure for such a copy or transcript. The latter paragraph provides that any copy or transcript attested to by seal or signature by the Commissioner or his designee may be admitted as evidence without any proof of his official character. In light of the established "official written statements" exception

to hearsay recognized in Virginia, one of the obvious purposes of the single authentication provision in Code § 46.1-34.1, rather than double authentication as required by Code § 8.01-390, is to ease the burden on the Commissioner in certifying records that are frequently utilized at trial. The certificate of the Commissioner or his designee of a fact appearing from the records under his control, where the law imposes a duty upon him to compile and be custodian of such records, renders the document competent as evidence of such fact. *See Ushers* v. *Pride*, 56 Va. (15 Gratt) 190, 195-96 (1858).

Code § 46.1-34.1 is the controlling statute in this case on the issue of authentication. A statue of specific or particular application is not controlled or nullified by the statute of general application unless the legislature clearly intended such a result. *Peoples Bank of Danville* v. *Williams*, 449 F. Supp. 254, 257 (W.D. Va. 1978). There is no such intent apparent between these two statutes. The Division of Motor Vehicles transcript of the appellant's driving record was offered into evidence after having been certified by a duly appointed designee of the Commissioner in accordance with the provisions of Code § 46.1-34.1.

We affirm the trial court's action in admitting the transcript into evidence.

We need only address the second issue summarily. No objection was made to the trooper's testimony concerning the appellant's pre-*Miranda* warning admission until after the Commonwealth had rested its case. In order for an objection to be preserved for appeal, it must be timely made and the grounds stated with specificity. Rule 5A:18. To be timely, an objection must be made at the time the occasion arises, *i.e.*, at the time the evidence is offered. *Gaumont* v. *State Highway Commissioner*, 205 Va. 223, 225, 135 S.E.2d 790, 791 (1964). We find that the objection was not timely, and thus we do not consider its merits on appeal.

*Affirmed.*

Duff, J., and Hodges, J., concurred.