COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


ALFRED WILSON, S/K/A
 ALFRED A. WILSON
                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0705-97-1     JUDGE JOSEPH E. BAKER
                                        JANUARY 13, 1998
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Frederick B. Lowe, Judge

              Philip L. Russo, Jr. (Schafer & Russo, on
              brief), for appellant.

              John H. McLees, Jr., Assistant Attorney
              General (Richard Cullen, Attorney General, on
              brief), for appellee.


     Alfred Wilson (appellant), sometimes known as Alfred

A. Wilson, appeals from a judgment of the Circuit Court of the

City of Virginia Beach (trial court) that approved a jury verdict

convicting him for aggravated sexual battery.  Appellant contends

that his conviction must be reversed because, in the presence of

the jury, the trial court inquired of appellant whether he was

"going to testify."  The Commonwealth argues that the appeal must

be dismissed and the conviction affirmed because at trial

appellant failed to object to the trial court's comment, move for

a mistrial, or request a cautionary instruction.  We agree and

affirm the conviction.

     The record discloses that at all times prior to the

───────────────────
     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

beginning of the trial, appellant was represented by competent counsel. Before opening statements were made, appellant elected to proceed to trial without his court-appointed attorney. After being thoroughly advised of the "hazards" and requirements of representing himself, appellant proceeded pro se.[1]

Appellant made an opening statement to the jury, cross-examined the Commonwealth's witnesses, and presented witnesses in his behalf. When the Commonwealth rested and appellant presented his witnesses, without testifying himself, the following exchange occurred:

[APPELLANT]:    That's it, Your Honor.

THE COURT:      Do you have any further
                witnesses you intend to call?

[APPELLANT]:    No, sir.

THE COURT:      You're not going to testify?

[APPELLANT]:    No, sir.

Appellant failed to object to the trial court's question, move for a mistrial, or request a cautionary instruction.

For an issue alleging trial court error to be considered on appeal, an objection must be timely made and the grounds stated with specificity. See Rule 5A:18. "To be timely, [the] objection must be made when the occasion arises--at the time the evidence is offered or the statement made." See Marlowe v.

---

[1]The record fully discloses that appellant made a clear, voluntary, and intelligent waiver of his right to be represented by counsel.

Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986); see also Ingram v. Commonwealth, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1986).

Because appellant failed timely to object to the trial court's statement or inquiry, this appeal must be dismissed and appellant's conviction affirmed. The fact that appellant elected to proceed pro se after discharging his counsel does not relieve him of well-established rules of procedure and substantive law. See Church v. Commonwealth, 230 Va. 208, 213, 335 S.E.2d 823, 826 (1985) (citing Faretta v. California, 422 U.S. 806, 834 n.46 (1975)).

We have examined the record and find no reason to apply the ends of justice exception to Rule 5A:18. Because appellant did not timely make a required objection or motion, we will not consider the issue he presents in this appeal.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.