COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Bumgardner
Argued at Salem, Virginia


ROBERT D. MIMM

                                        MEMORANDUM OPINION[*] BY
v.   Record No. 1054-97-3        JUDGE RUDOLPH BUMGARDNER, III
                                             JUNE 2, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF GRAYSON COUNTY
                   Willis A. Woods, Judge Designate

          Jonathon M. Venzie for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Richard Cullen, Attorney General;
          Margaret Ann B. Walker, Assistant Attorney
          General, on brief), for appellee.


     The defendant was charged with assault and battery of his

daughter.  A jury convicted him after a trial at which he

appeared pro se.  He argues that the trial court erred in holding

him in contempt in front of the jury and in not instructing the

jury on self-defense.  Finding no error, we affirm.

     The statement of facts only reveals that the defendant was

found in contempt of court in the presence of the jury.  After

the jury was out of the courtroom deliberating, the court imposed

a sentence of five days in jail for the contempt.  The trial

court later suspended this.  The defendant failed to state an

objection to the contempt citation and did not ask the court to

take any corrective action.  The record does not provide any

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

indication of what happened to cause the court to cite the defendant for contempt except that it happened in open court.

In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity. Rule 5A:18. To be timely, an objection must be made when the occasion arises--at the time the evidence is offered or the statement made. Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986) (citing Ingram v. Commonwealth, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1985)). In order to apply the "ends of justice" exception the record must show that there has been a miscarriage of justice. See Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). If an insufficient record is furnished, the judgment appealed from will be affirmed. See White v. Morano, 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995).

The defendant contends that the trial court erred in failing to give a self-defense instruction to the jury. He did not preserve this issue for appeal and is therefore barred by Rule 5A:18. Further, the record reveals no evidence that the defendant was in any fear or danger. The trial judge specifically ruled that "there was absolutely no evidence on which to base" a self-defense instruction, and the record fully supports that ruling. "A defendant is entitled to have the jury instructed only on those theories of the case that are supported by the evidence." Frye v. Commonwealth, 231 Va. 370, 388, 345 S.E.2d 267, 280 (1986).

Finding no error, we affirm.

Affirmed.