COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Senior Judge Bumgardner
Argued at Salem, Virginia


TIMOTHY M. BARRETT

MEMORANDUM OPINION[*] BY
v.      Record No. 0753-10-3         JUDGE ROBERT J. HUMPHREYS
JANUARY 25, 2011

VALERIE JILL RHUDY BARRETT


FROM THE CIRCUIT COURT OF GRAYSON COUNTY
Brett L. Geisler, Judge

Timothy M. Barrett, *pro se*.

Maria Timoney (Jonathon M. Venzie, Guardian *ad litem* for the
minor children; Southwest Virginia Legal Aid Society, on brief), for
appellee.


Timothy M. Barrett ("father") appeals a ruling of the Circuit Court of Grayson County

("the circuit court") relating to his motion to amend custody of his six children[1] with Valerie Jill

Rhudy Barrett ("mother").  On appeal, father argues the following questions presented[2]:  (I) Did

the circuit court err in applying the "best interests" test of Code § 20-124.3 when the uncontested

evidence was that the mother was unfit; (II) did the circuit court violate the father's fundamental,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The six children will be referred to individually as "J.B.," "A.B.," "E.E.B.," "E.G.B.,"
"W.B.," and "K.B."  With regard to J.B., the issues addressing his custody are moot as he
reached the age of majority in March 2010.  With regard to A.B., the father non-suited the
custody petition as it dealt with A.B. during the custody proceedings as father was awarded
custody of A.B.  Thus, this appeal encompasses only the issues of custody as they relate to
E.E.B., E.G.B., W.B., and K.B.

[2] This appeal is governed by Rule 5A:20(c) as worded prior to its revision effective July
1, 2010, changing the requirement for setting forth "questions presented" to "assignments of
error."

natural, and constitutional rights; (III) did the circuit court err in the way it received the

testimony of the children; (IV) did the circuit court err in basing its decision as to custody on

background information and not on the contemporary circumstances of the children and an

application of the best interests of the child standard; (V) was the circuit court impermissibly

biased against the father; (VI) did the circuit court utterly fail to consider the best interests of the

children, (VII) did the circuit court fail to properly consider the statutory factors in rendering its

custody letter opinion; (VIII) did the circuit court fail to consider all the evidence; (IX) did the

circuit court err in making a decision that lacked a foundation based on the evidence and was, in

fact, contrary to the evidence; (X) did the circuit court err by failing to adequately communicate

the basis for its decision to the parties as required by Code § 20-124.3; and (XI) did the circuit

court lack jurisdiction to impose transportation costs on the father? For the following reasons,

we affirm.[3]

## I. Issues Procedurally Defaulted

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be

considered as a basis for reversal unless the objection was stated together with the grounds

therefor at the time of the ruling."[4] Therefore, "in order to preserve an issue for appeal, 'an

objection must be timely made and the grounds stated with specificity.'" Kovalaske v.

Commonwealth, 56 Va. App. 224, 229, 692 S.E.2d 641, 645 (2010) (quoting McDuffie v.

Commonwealth, 49 Va. App. 170, 177, 638 S.E.2d 139, 142 (2006)). "To be timely, an

---

[3] Father also filed with this Court a motion to strike the replacement brief of the appellee and motion to strike the appendix of the appellee. This Court denies said motions.

[4] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect. See Fails v. Va. State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

objection must be made when the occasion arises -- at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986) (citing Ingram v. Commonwealth, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1986)). Put another way, "[t]o satisfy the rule, 'an objection must be made . . . at a point in the proceeding when the trial court is in a position, not only to consider the asserted error, but also to rectify the effect of the asserted error.'" Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (quoting Johnson v. Raviotta, 264 Va. 27, 33, 563 S.E.2d 727, 731 (2002)).

"[T]he main purpose of the rule is to ensure the trial court can 'consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials.'" Kovalaske, 56 Va. App. at 230, 692 S.E.2d at 645 (quoting Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992)). "'In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.'" West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 279 (2004) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). Rule 5A:18 is violated when the record does not demonstrate the circuit court had the opportunity to rule on the objections and arguments made below. Lee v. Lee, 12 Va. App. 512, 515-17, 404 S.E.2d 736, 738-39 (1991) (en banc).

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "In the absence [of a sufficient record], we will not consider the

point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted). More specifically, "[w]e cannot review the ruling of a lower court for error when the appellant does not bring within the record on appeal the basis for that ruling or provide us with a record that adequately demonstrates that the court erred." Prince Seating Corp. v. Rabideau, 275 Va. 468, 470-71, 659 S.E.2d 305, 307 (2008). Where we do not have the benefit of a transcript of the proceedings, we can consider only that which is contained in the written statement signed by the trial judge. Jenkins, 12 Va. App. at 1185, 409 S.E.2d at 20.

The record in this case consists of the circuit court's letter opinions and final orders, a written statement of facts, the circuit court's corrections and/or additions to the statement of facts, and father's amended objections to the trial court's final order and incidents of trial ("amended objections"). In presenting his questions on brief, father cites to the amended objections for support that each question was properly preserved for appeal. However, in turning to the amended objections, we must first note the difference between objections that are incidents of trial, which must be supported by evidence in the record as to their timeliness during trial, and those objections that are related to the final order and properly attached to the final order.

As noted above, objections "must be made when the occasion arises -- at the time the evidence is offered or the statement made." Marlowe, 2 Va. App. at 621, 347 S.E.2d at 168 (citing Ingram, 1 Va. App. at 341, 338 S.E.2d at 660). In order for incidents of trial to be properly preserved, a written statement of facts must reflect that objections were made, and the grounds therefor stated, when the occasion arose. The contemporaneous objection requirement of Rule 5A:18 is not satisfied when a party summarily includes his objections as part of the objections to a final order at a later date. With regard to a final order, "counsel may, if he or she has previously failed to do so, include an objection and reasons therefor in the final order or at least tender such an order to the trial judge." Lee, 12 Va. App. at 516, 404 S.E.2d at 737 (citing

- 4 -

Highway Comm'r v. Easley, 215 Va. 197, 207 S.E.2d 870 (1974)) (permitting counsel to amend the final order which reflected no objections, to properly state that the objections had been made during trial and the trial court had addressed them).  The holding of Lee does not, however, imply that any and all objections are preserved merely by their inclusion in the final order.  The record, in whatever form it takes, must affirmatively reflect that any objections were made at a point in time when the trial court could properly act upon them.

In this case, father attempts to include all of his objections, regardless of their timeliness, in the amended objections to the final order.  He then cites to the amended objections for support that the issues were properly presented to the circuit court and preserved for appeal.  However, the mere recitation of the objections in an attachment to the final order without an indication of their timeliness and without the reasons advanced to the circuit court in support of those objections does not properly preserve the issues.  Neither the final order nor the statement of facts contains any mention of the arguments made by counsel, objections to the circuit court's rulings or letter opinions, or the judge's rulings on those objections.  Further, the statement of facts merely recites that father filed motions to reconsider after the circuit court issued each letter opinion, but it does not provide what was included in each motion to reconsider.  Because there is no evidence in the record that the questions presented II, III, V, and IX and their subparts were timely objected to in the circuit court with the specific grounds or reasons therefor and that the circuit court ruled on them, we do not consider the merits of them on appeal.

## II.  ANALYSIS

"'On appeal, the judgment of the trial court is presumed correct,' Wymer v. Commonwealth, 12 Va. App. 294, 296, 403 S.E.2d 702, 704 (1991), and it is incumbent upon 'the party alleging trial court error to show . . . that the judgment was erroneous.'" Carter v. Thornhill, 19 Va. App. 501, 509-10, 453 S.E.2d 295, 301 (1995) (quoting Steinberg v. Steinberg,

11 Va. App. 323, 326, 398 S.E.2d 507, 508 (1990)).  This Court views the facts, and all reasonable inferences from those facts, in the light most favorable to the party prevailing below. Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003).

## A.  Code § 20-124.3 "Best Interests" Test

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child."  Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990) (citing Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 12 (1986)).  "When a trial court has entered a final custody and visitation order, it cannot be modified absent (i) a showing of changed circumstances under Code § 20-108 and (ii) proof that the child's best interests under Code § 20-124.3 will be served by the modification."  Petry v. Petry, 41 Va. App. 782, 789, 589 S.E.2d 458, 462 (2003).  "The second prong . . . is clearly the most important part of the two-part test.  It underscores the importance we place upon securing the best interests of children whose interests, in the final analysis, must be protected by the courts."  Keel v. Keel, 225 Va. 606, 612, 303 S.E.2d 917, 921 (1983).

"Whether a change in circumstances exists is a factual finding that will not be disturbed on appeal if the finding is supported by credible evidence."  Ohlen v. Shively, 16 Va. App. 419, 423, 430 S.E.2d 559, 561 (1993).  "'Changed circumstances' is a broad concept and incorporates a broad range of positive and negative developments in the lives of the children."  Parish v. Spaulding, 26 Va. App. 566, 573, 496 S.E.2d 91, 94 (1998) (citing Keel, 225 Va. at 611-12, 303 S.E.2d at 921), aff'd, 257 Va. 357, 513 S.E.2d 391 (1999).  "A trial court's determination of a child's best interests 'is reversible on appeal only for an abuse of that discretion, and a trial court's decision will not be set aside unless plainly wrong or without evidence to support it."  Vissichio v. Vissichio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998).  Finally, it is the trial

court's duty, when sitting as the finder of fact, to resolve conflicts in the evidence.  <u>City of Bedford v. Zimmerman</u>, 262 Va. 81, 86, 547 S.E.2d 211, 214 (2001).

### 1.  Mother's Alleged Unfitness

Father contends that the circuit court erred in applying the "best interests" test of Code § 20-124.3 when the uncontested evidence was that the mother was unfit.  He specifically argues the circuit court is required to determine the "fitness" of the natural parents as a "threshold" matter before applying the factors set forth in Code § 20-124.3.  We disagree, and hold that the circuit court did not abuse its discretion in its consideration of the custody factors in Code § 20-124.3.

In Virginia, "'the welfare of the infant is the primary, paramount, and controlling consideration of the court *in all controversies between parents over the custody of their minor children*.  All other matters are subordinate."  <u>Keel</u>, 225 Va. at 610, 303 S.E.2d at 920 (emphasis in original) (quoting <u>Mullen v. Mullen</u>, 188 Va. 259, 269, 49 S.E.2d 349, 354 (1948)).  In determining the best interest of the child, the legislature has set forth ten factors that a court must consider in making its determination.  Thus, a circuit court implicitly determines the relative fitness of the parents for custody purposes through its application of the "best interests test" to the factors set forth in Code § 20-124.3.[5]

---

[5] The cases in which the fitness of the parent has been at issue without examining the statutory factors are those in which the custody of a child is being determined between a natural parent and a third party, and are inapplicable to this case.  <u>Bails v. Sours</u>, 231 Va. 96, 340 S.E.2d 824 (1965) (ordering custody to minor child's stepmother over mother where special facts and circumstances overcame presumption in the parent's favor); <u>James v. James</u>, 230 Va. 51, 334 S.E.2d 551 (1985) (awarding custody to parents over grandparents due to no facts showing unfitness or other extraordinary reasons); <u>Patrick v. Byerley</u>, 228 Va. 691, 325 S.E.2d 99 (1985) (granting custody of child to stepmother where trial court found mother unfit because she abandoned the child and it would be in the best interest of the child); <u>Elder v. Evans</u>, 16 Va. App. 60, 65, 427 S.E.2d 745, 748 (1993) (granting custody to father over a non-parent where there was no showing of father's unfitness or an extraordinary reason).

As an initial matter, the record does not support father's bald assertion that the evidence is uncontested that mother is unfit because she voluntarily relinquished custody of J.B. and she voluntarily relinquished and abandoned custody of A.B. Whether the mother voluntarily relinquished custody or abandoned custody are factual findings that must be determined by the circuit court. The record in this case is devoid of any evidence that the circuit court ever made a finding that mother voluntarily relinquished or abandoned custody of either J.B. or A.B.

In turning to the circuit court's determination of child custody, the circuit court did not abuse its discretion in applying the statutory factors. The issue of custody in this case is between natural parents, and thus the primary purpose of the court is the best interest of the child. The circuit court in its November 4, 2009 letter opinion applied the statutory factors before awarding custody of the four children to mother. In its letter opinion, the circuit court noted that neither parent was ideal under the circumstances, but it "had to choose one parent over the other in order to limit the exchange of the children to limit their stress." Because the circuit court considered the statutory factors in reaching its determination of the children's custody, it did not abuse its discretion.

## 2. Comparison Between the Parents

Father next contends that the circuit court erred because it "utterly failed" to consider the best interests of the children. Specifically, he argues, based on the Virginia Supreme Court's analysis in Keel of what is meant by "best," that the circuit court erred in (a) ignoring its overall aim in deciding this case; (b) failing to make a rational *comparison* between the parents to determine what is best for the children; (c) failing to make a *rational* comparison between the parents to determine what is best for the children; and (d) failing to make a rational comparison between the parents to determine what is *best* for the children. 225 Va. 606, 303 S.E.2d 917.

In Keel, the Supreme Court of Virginia stated that

> The overall aim of a [trial] court in a change of custody case must be to determine which home is best for the children. . . . "Best" to us is the home that will provide the children the greatest opportunity to fulfill their potential as individuals and as members of society. To determine what is "best" for the children the court must engage in a comparative analysis. Such an analysis will permit the court to decide which parent is best qualified to provide the highest quality of care to the children. . . . "Comparing the quality of care offered by two parents, the courts are guided by histories of past performance and prospects for future performance."

Id. at 613-14, 303 S.E.2d at 922 (quoting McCreery v. McCreery, 218 Va. 352, 355, 237 S.E.2d 167, 169 (1977)).

However, a comparative analysis of the parents is encompassed in a trial court's consideration of the best interest factors mandated by the legislature, and is not a separate required enumeration by the trial court prior to or in addition to its determination of the best interest of the children. "[I]n determining the best interest of the child, the court must consider the factors enumerated in Code § 20-124.3." Vissichio, 27 Va. App. at 246, 498 S.E.2d at 428. In addition, we again reiterate that "[i]n matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley, 9 Va. App. at 327-28, 387 S.E.2d at 795. The Supreme Court's statements in Keel are to be read in conjunction with the application of the statutory factors and a trial court's paramount concern.

In its analysis, the circuit court included the facts regarding both parents in light of the statutory factors, and it reached its conclusion by focusing on the best interests of the children rather than on a specific comparison between the parents. The comparison of the parents is to be subordinate to the primary focus of the welfare of the child. Thus, the circuit court did not abuse its discretion when it applied the statutory factors in making its determination of change of custody rather than applying a pure rational comparison between the parents.

- 9 -

3. Contemporary Circumstances

Father also contends that the circuit court erred in basing its decision as to custody on background information and not on the contemporary circumstances of the children and an application of the best interests of the child standard.

> [W]here a different trial judge is called upon to consider the evidence in support of and in opposition to a subsequent custody petition, consideration of evidence which establishes background information and permits the trial judge to understand the alleged change in circumstances is permissible. Such evidence, however, is not to be used to retry the issues resolved in the prior proceedings.

Turner v. Turner, 3 Va. App. 31, 33, 348 S.E.2d 21, 22 (1986).

In turning to the record, contrary to the assertion by father, the circuit court did not base its 2009 custody decision on background information. The circuit court agreed that it would limit the use of the background information to its determination of whether a material change in circumstances had occurred since the 2006 order and that the background information would not affect the determination of whether a change in custody would be in the children's best interest. While the circuit court made reference to the 2006 findings in its 2009 letter opinion, the circuit court merely noted that those findings were supported in 2006, and concluded that they were still supported in 2009 because the facts were still the same or had not changed during the three years since the 2006 order. The circuit judge then addressed the best interests factors in light of the contemporary circumstances in reaching its determination of what was in the best interest of the children in 2009. Thus, the circuit court did not err in reaching its custody decision as it was analyzed in light of the best interest of the children based on contemporary circumstances.

4. "Best Interest" Factors

Father argues the circuit court erred in properly considering the statutory factors in rendering its custody letter opinion. Specifically, he contends that it erred because it failed to properly consider all the evidence as it failed to strictly consider all of the factors.

A trial court abuses its discretion when it "fails to consider the statutory factors required to be part of the decisionmaking process." Congdon, 40 Va. App. at 262, 578 S.E.2d at 836 (citing Rowe v. Rowe, 24 Va. App. 123, 139, 480 S.E.2d 760, 767 (1997)). "In determining the best interests of the child, the court must consider the factors enumerated in Code § 20-124.3," Vissichio, 27 Va. App. at 246, 498 S.E.2d at 428, and it "must consider all the evidence and facts before it," Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986) (citing Brown v. Brown, 218 Va. 196, 199, 237 S.E.2d 89, 91 (1977)). Even so, we do not "retry the facts or substitute our view of the facts for those of the trial court." Congdon, 40 Va. App. at 266, 578 S.E.2d at 838 (citation and internal quotation marks omitted).

The evidence before the circuit court was addressed in an eight-page letter opinion in which the judge stated, "I have considered the evidence presented at the several hearings, the pleadings, written agreements of counsel and the previous rulings by Judge Campbell. I have also considered the factors set out in Section 20-124.3 and do hereby make the following findings." The circuit court then addressed the ten factors set forth in Code § 20-124.3, and included the facts regarding each. We have reviewed the evidence, and conclude that the circuit court was not plainly wrong and that its decision was supported by the evidence before it in considering the statutory factors. "If the decision of the trial court is supported by the evidence, 'we are not permitted to substitute our judgment for that of the chancellor.'" Vissichio, 27 Va. App. at 252, 498 S.E.2d at 431 (quoting Stainback v. Stainback, 11 Va. App. 13, 23, 396 S.E.2d 686, 692 (1990)).

- 11 -

5. Consideration of All the Evidence

Father also contends that the circuit court erred because it failed to consider all the evidence when it (1) simply ignored all the evidence that did not fit with its *a priori* conclusion that the mother have custody; and (2) it often refused to make factual findings at all despite conceding that the parties put on evidence that demands such a finding and finding the information worthy of noting in its letter opinion; thus it erred by not providing some steps in its thought process to show that it considered all the evidence.

As noted above, "[i]n determining the best interests of the child, the court must consider the factors enumerated in Code § 20-124.3," Vissichio, 27 Va. App. at 246, 498 S.E.2d at 428, and it "must consider all the evidence and facts before it," Venable, 2 Va. App. at 186, 342 S.E.2d at 651 (citing Brown, 218 Va. at 199, 237 S.E.2d at 91). Even so, we do not "retry the facts or substitute our view of the facts for those of the trial court." Congdon, 40 Va. App. at 266, 578 S.E.2d at 838 (citation and internal quotation marks omitted).

In reaching its determination, the circuit court did not abuse its discretion by ignoring evidence or by refusing to make factual findings. In its eight-page letter opinion, the circuit court addressed facts regarding both parents and the children that existed regardless of which parent the fact supported. To list just a few facts the circuit court addressed in favor of father, the circuit court noted that father's living arrangement would be more than adequate for the children should he gain custody, that mother relies on her parents and extended family to help raise the children, that mother still exhibited symptoms of depression, and that father would be engaged in the children's homework and expose them to his life experiences and travel and would seek counseling for the children if needed.

With regard to the testimony of the doctors, the circuit court noted Dr. Schlichter's testimony that father was no longer a danger to his children, but it found that based on its

- 12 -

opportunity to personally observe father during the past three years of countless hearings and his combative nature with mother and other counselors that he had a narcissistic personality disorder. With regard to the other doctors, father contends they all testified and favored father obtaining custody, yet the evidence in the record provides otherwise. Dr. Beres was questioned about her treatment of mother and the children during 2003-2006 and never stated that the children should be removed from the stress of mother's home; Ms. Odom was not asked nor did she testify that father should have custody of the Barrett children; Dr. Ramsden recommended that A.B. be placed with father; and Dr. Schlichter actually testified that "[i]t would be inappropriate for me to render a custody opinion not having conducted a custody evaluation, not having seen Ms. Barrett, to having talked with the children." In looking at *all* the evidence and facts before it, the circuit court determined that the best interest of the children was to continue custody with mother, and thus it did not abuse its discretion.

Secondly, the circuit court did not refuse to make factual findings when stating the facts before it. The circuit court in its eight-page letter opinion included statements made by both father and mother that applied to one of the ten factors, and then made a finding regarding that factor. Father contends that the inclusion of the statements of either father or mother was indicative of the circuit court's refusal to make findings of facts based on those statements. However, the circuit court's inclusion of those statements further supports the conclusion that it addressed all the evidence regarding that specific issue before making its determination. For instance, father contends that the circuit court makes the following statement without making a finding as to whether it is true: "Mr. Barrett feels that his ex-wife physically and mentally abuses the children, neglects their every need, and is a total failure as a mother." Yet, the circuit court included this statement in its analysis regarding the parents' ability to cooperate and resolve disputes regarding matters affecting the children, in addition to mother's view of father,

before it concluded that they are unable to cooperate and resolve matters regarding the children. It was merely including evidence in the letter opinion noting the various views, and then reached a factual finding for that specific factor. The circuit court did not fail to make factual findings, and thus did not abuse its discretion.

### 6. Communication of the Basis for Its Decision

Father contends that the circuit court erred in failing to adequately communicate the basis for its decision to the parties as required by Code § 20-124.3.

Code § 20-124.3 requires the judge to "communicate to the parties the basis of the decision either orally or in writing." This Court has held this requirement to mean that

> "Code § 20-124.3 requires the trial court to identify the fundamental, predominating reason or reasons underlying its decision. This level of specificity does not require the chancellor to address all aspects of the decision making process, as one would expect from comprehensive findings of fact and conclusions of law. Nor does [it] require the chancellor 'to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Kane v. Szymczak, 41 Va. App. 365, 373, 585 S.E.2d 349, 353 (2003). While communicating the "basis" of the decision does not rise to the level of providing comprehensive findings of fact and conclusions of law, it does mean that the trial court must provide more to the parties than boilerplate language or a perfunctory statement that the statutory factors have been considered. "The trial court must provide a case-specific explanation (one that finds its contextual meaning from the evidence before the court) of the fundamental, predominating reason or reasons for the decision." Kane, 41 Va. App. at 373, 585 S.E.2d at 353. The statute requires "an express *communication* to the parties of the basis for the decision." Id.

Lanzalotti v. Lanzalotti, 41 Va. App. 550, 555, 586 S.E.2d 881, 883 (2003).

In this case, the circuit court clearly provided more than just the boilerplate language that the factors were considered. In the November 4, 2009 eight-page letter opinion, the circuit court stated "I have considered the evidence presented at the several hearings, the pleadings, written arguments of counsel and the previous rulings by Judge Campbell. I have also considered the

factors set out in Section 20-124.3 and do hereby make the following findings." Although the circuit court is not required to address each and every factor when it explains the basis of its decision, the circuit court in its letter opinion analyzed each of the ten statutory factors, provided facts regarding each factor, and made findings with regard to each factor. The circuit court then concluded "I find that because the children are stable, performing well academically and have established roots in Grayson County, that continuing in the custody of their mother would be in their best interest." In reaching this conclusion, the circuit court noted that neither parent "can be seen as ideal parents, and "[a]s before, this court has to choose one parent over the other in order to limit the exchange of the children to limit their stress." The circuit court clearly set forth its reasons underlying its decision, there was sufficient evidence to support the circuit court's decision, and it adequately communicated the basis of its decision to the parties. Thus, the circuit court did not abuse its discretion.

## B. Transportation Costs

Father contends that the circuit court lacked subject matter jurisdiction to impose transportation costs associated with visitation. Specifically, he argues that the case at bar was solely regarding child custody and not child support, and thus the circuit court lacked subject matter jurisdiction to require father to pay for the transportation costs associated with visitation which is solely a child support matter.

"[S]ubject matter jurisdiction, perhaps best understood as the 'potential' jurisdiction of a court, is the authority granted to it by constitution or statute over a specified class of cases or controversies . . . ." Ghameshlouy v. Commonwealth, 279 Va. 379, 388, 689 S.E.2d 698, 702 (2010) (citing Bd. of Supervisors v. Bd. of Zoning Appeals, 271 Va. 336, 343-44, 626 S.E.2d

- 15 -

374 & n.2, (2006)).[6] In Virginia, jurisdiction over divorce matters is statutorily based. Rogers v. Damron, 23 Va. App. 708, 711, 479 S.E.2d 540, 541 (1997). "A court has jurisdiction over the subject matter if it has jurisdiction over the cause of action and of the relief sought." Id. at 711-12, 479 S.E.2d at 542.

"'Fundamental rules of pleading provide that no court can base its judgment or decree upon a right which has not been pleaded and claimed.'" Fadness v. Fadness, 52 Va. App. 833, 843, 667 S.E.2d 857, 862 (2008) (quoting Boyd v. Boyd, 2 Va. App. 16, 18, 340 S.E.2d 578, 580 (1986)). "'Pleadings are as essential as proof, the one being unavailing without the other. A decree can not be entered in the absence of pleadings upon which to found the same, and if so entered it is void.'" Id. (quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 207, 181 S.E. 521, 525 (1935)). The absence of a request for an adjudication of child support precludes a court from deciding the issue, as the court does not obtain jurisdiction over the subject matter. See Fadness, 52 Va. App. at 843, 667 S.E.2d at 862 ("In divorce cases, 'the absence of a specific request for an adjudication of spousal support [precludes courts] from obtaining jurisdiction over that subject matter.'" (citing Reid v. Reid, 24 Va. App. 146, 150, 480 S.E.2d 771, 773 (1997))).

Father contends that the portion of the final order regarding the responsibility for transportation of the children imposed upon him the costs of transportation related to visitation, which is solely a child support issue pursuant to the deviation factors to child support provided in Code § 20-108.1(B)(2). However, the legislature's inclusion of cost of visitation travel as a permitted factor in deviating from the general child support calculation does not mean that a

---

[6] "It is well accepted that a question of subject matter jurisdiction can be raised *sua sponte* at any time. Likewise, it is well established that the contemporaneous objection rule may not be invoked to bar consideration of an appeal which attacks the jurisdiction of the circuit court." Herrera v. Commonwealth, 24 Va. App. 490, 495, 483 S.E.2d 492, 495 (1997) (citations omitted).

determination of who is responsible for transportation as it relates to visitation is an imposition of costs and thus solely a child support matter. Therefore, we reject father's argument.

In the April 9, 2010 final order, the circuit court ordered that father have "visitation with the children every six weeks on the present six-week schedule from 5:00 p.m. on Fridays to 6:00 p.m. on Sundays with [father] picking up and dropping off the children in Grayson County with [father] being responsible for all transportation." The requirement that father is responsible for transportation merely apportions between the individuals who has the responsibility of transportation of the children with respect to father's visitation, which was clearly within the authority of the circuit court. Eichelberger, 2 Va. App. at 412, 345 S.E.2d at 11 ("The authority vested in a trial court to decide issues concerning the care, custody, support and maintenance of the minor children, the visitation rights of the non-custodial parent, and the extent to which those rights and responsibilities shall be apportioned between estranged parents is a matter of judicial discretion which courts must exercise with the welfare of the children as the paramount concern." (citing Allen v. Allen, 188 Va. 717, 721, 51 S.E.2d 207, 209 (1949); Code § 20-107.2)). "The court, in the exercise of its sound discretion, may alter or change custody or the terms of visitation when subsequent events render such action appropriate for the child's welfare." Id. at 412, 345 S.E.2d at 12 (citing Allen, 188 Va. at 721-22, 51 S.E.2d at 209-10; Code § 20-107.2).

The circuit court did not lack subject matter jurisdiction to hold father responsible for all the transportation of the children during his visitation because it did not address child support but rather altered the terms of visitation.

## III.  CONCLUSION

For the foregoing reasons, we hold that the circuit court did not abuse its discretion.

Thus, we affirm its judgment.

<u>Affirmed.</u>