STATE OF NORTH CAROLINA v. RICARDO WILLIAM VINCENT

No. 779SC697

(Filed 21 February 1978)

1. **Indictment and Warrant § 17.2— time of rape—alibi evidence—variance between indictment and proof**
   Where the State presented evidence tending to show that the alleged rape occurred on the date fixed by the bill of indictment, the defendant then presented alibi evidence, and the State, after defendant had rested, presented rebuttal evidence tending to show that the crime alleged occurred on a different date approximately one week earlier than that charged in the bill of indictment, there was a fatal variance between the indictment and the proof which required a new trial on the charge of second degree rape.

2. **Criminal Law § 86.2— impeachment of defendant—use of prior void conviction—denial of due process**
   In a prosecution for rape and assault with intent to commit rape, the trial court erred in allowing the prosecution to ask defendant in the presence of the jury whether he had been convicted of crime against nature in 1960, since defendant offered evidence that he was without counsel during the 1960 trial due to his indigency and the State offered no evidence to the contrary, and the use of that prior void conviction for the purpose of impeachment deprived defendant of due process.

   Judge MORRIS concurs in the result.

APPEAL by defendant from *Canaday, Judge*. Judgment entered 22 April 1977 in Superior Court, VANCE County. Heard in the Court of Appeals 10 January 1978.

The defendant was charged in two separate bills of indictment, both proper in form, with the felonies of first-degree rape and assault with intent to commit rape. At trial he pled not guilty to both charges, and the jury returned verdicts of guilty of second-degree rape and assault with intent to commit rape. From judgments sentencing him to consecutive terms of not less than fifteen nor more than twenty years' imprisonment for second-

degree rape and not less than eight nor more than ten years' imprisonment for assault with intent to commit rape, defendant appealed.

The State's witness, Almerdia Denise Rand, testified, in substance, that on 28 November 1976 she lived with her mother and younger brother and sister in the home of the defendant. On that date she went for a ride in the defendant's car. After they had ridden for approximately twenty minutes, the defendant stopped the car, hit her, took off her pants and panties, and had sexual intercourse with her. Prior to that time she had not engaged in sexual intercourse with anyone.

Miss Rand further testified that, on the evening of 21 December 1976 she was in the home and went upstairs to bed. After she had gotten into bed, the defendant came upstairs twice. On the second occasion, the defendant began to feel her with his hands. She tried to scream, but he choked and hit her. She stated that she was scared and ran downstairs to her mother.

The State offered other witnesses for the purpose of corroborating Miss Rand's testimony. After these witnesses testified, the State rested.

The defendant testified in his own behalf and presented other witnesses. All testimony by the defendant and by others on his behalf was in the nature of alibi testimony tending to show he was in New York on 28 November 1976.

After the defendant rested his case, the State introduced rebuttal evidence. The testimony offered by the State on rebuttal tended to indicate the alleged rape had, in fact, occurred on 21 November 1976.

*Attorney General Edmisten, by Associate Attorney James L. Stuart, for the State.*

*A. A. Zollicoffer, Jr., for defendant appellant.*

MITCHELL, Judge.

Defendant brings forward numerous exceptions and assignments of error, most of which relate solely to the charge upon which the jury found him guilty of second-degree rape. We need not discuss all of the assignments.

[1]   The defendant contends there was a fatal variance between the time of the crime as alleged in the bill of indictment and the time as established by the State's evidence. There is merit in this contention.

The time fixed in a bill of indictment usually is not an essential fact, and the State may prove the crime was committed on another date. Time is not ordinarily of the essence of an offense, but when the State fixes the date in the indictment and the defendant presents evidence of an alibi relating to that date, time becomes of the essence. The State may not, after the defendant has presented his alibi evidence and rested his case, introduce evidence tending to show the defendant's commission of the crime charged on another date. To permit a conviction on such evidence would violate rights guaranteed by the Constitution of North Carolina. N.C. Const. art. 1, § 23; *State v. Whittemore*, 255 N.C. 583, 122 S.E. 2d 396 (1961).

In the present case, the State presented evidence tending to show the alleged rape occurred on the date fixed by the bill of indictment. The defendant then presented alibi evidence. After the defendant had rested, the State presented rebuttal evidence tending to show that the crime alleged occurred on a different date approximately one week earlier than that charged in the bill. This represented a fatal variance between the indictment and the proof which will require a new trial on the charge of second-degree rape.

As a new trial will be required on the charge of second-degree rape, it would not be amiss for us to note that there was some evidence introduced tending to indicate the alleged rape may have occurred in Virginia. As the trial court pointed out at one juncture, the evidence was not totally conclusive as to whether the crime, if any, was committed in Virginia or North Carolina.

Since the trial in this case, the Supreme Court of North Carolina has held in *State v. Batdorf*, 293 N.C. 486, 238 S.E. 2d 497 (1977) that, when jurisdiction is challenged, the State must carry the burden of proof and show beyond a reasonable doubt that North Carolina has jurisdiction to try the defendant. The trial court, in such cases, should instruct the jury that it must return a special verdict indicating lack of jurisdiction if it is not

satisfied beyond a reasonable doubt that the crime occurred in North Carolina.

In *Batdorf*, the Supreme Court also indicated that, where a motion to dismiss for improper venue pursuant to G.S. 15A-952 is made, the State must carry the burden of proving by a preponderance of the evidence that the crime occurred in the county in which the indictment was returned. The evidence presented at trial in this case, however, would not have required an instruction on the State's burden of proof with regard to venue, as all of the evidence introduced indicated the crime alleged occurred in either Virginia or Vance County, North Carolina.

As there must be a new trial on the charge of second-degree rape, we need not consider whether *Batdorf* is to be given retroactive application to trials commencing prior to 11 November 1977, the date on which the opinion in that case was filed. *See generally*: Annot., 10 A.L.R. 3d 1371 (1966). As a new trial of this case will obviously occur after that date, the holding in *Batdorf* will be fully applicable, and we presume the trial court will properly instruct the jury accordingly.

[2]  The defendant also contends the trial court denied him due process of law when it permitted the State to ask him during cross-examination whether he had been convicted in 1960 of crime against nature. Prior to taking the witness stand to testify in his own behalf, the defendant made a motion through counsel that the trial court not permit the State to ask any questions of him concerning his 1960 conviction for crime against nature. He then took the witness stand solely for the purpose of giving testimony concerning the prior conviction for crime against nature in order that the court might rule upon his motion, and the following transpired:

"Q. Approximately what was the date of your conviction to the best of your recollection?

A. 1960, I think.

Q. 1960. Did you have an attorney representing you at the trial?

A. No. I didn't.

Q. No attorney was appointed?

A. No attorney was appointed.

Q. Did you have funds to employ an attorney?

A. No.

Q. And as a result of that conviction did you serve time?

A. I did."

On cross-examination the defendant gave substantially similar testimony to that he had given on direct examination. The trial court then denied the defendant's motion and permitted the State to ask him in the presence of the jury whether he had been convicted of crime against nature in 1960. The defendant responded before the jury that he had been so convicted.

The use of prior void convictions for purposes of impeachment of a criminal defendant deprives him of due process where their use might well have influenced the outcome of the case. *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed. 2d 374 (1972). The burden of proof is, of course, on the defendant in cases such as this to prove his inability to employ counsel at the time of the conviction which he contends was invalid. Here, the defendant's testimony indicated that he was without counsel during the 1960 trial due to his indigency, and the State offered no evidence to the contrary. The defendant, therefore, carried his burden of proving he was without counsel due to indigency at the time of his conviction in 1960 for crime against nature. *Kitchens v. Smith*, 401 U.S. 847, 28 L.Ed. 2d 519, 91 S.Ct. 1089 (1971) (per curiam). Permitting the defendant to be questioned concerning this conviction was error which will require a new trial.

For the errors previously discussed, the defendant is entitled to a new trial on both the charge of second-degree rape and the charge of assault with intent to commit rape. As to each of those cases, we order a

New trial.

Judge CLARK concurs.

Judge MORRIS concurs in the result.