**Alexandria**

JOHN PIERREPONT MARLOWE

v.

COMMONWEALTH OF VIRGINIA

No. 0410-85

Decided August 5, 1986

COUNSEL

Mark D. Cummings; David E. Sher (Jerilynn V. Chapman; Sher & Cummings, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—John Pierrepont Marlowe appeals his convictions by a jury for enticement and aggravated sexual battery of two minors under the age of thirteen years. He contends: (1) that the Commonwealth's rebuttal argument to the jury violated his due process protections by interjecting facts not in evidence; and (2) that the court erred when, in response to a question submitted by the jury during deliberations, it stated that in order to convict it was not necessary to find that one of the offenses was committed on the specific date of February 17, 1984. We find no error, and affirm the convictions.

## I.

Appellant's counsel did not object at trial to any of the comments made during rebuttal argument, about which he complains on appeal, until after the jury had retired. In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity. Rule 5A:18. To be timely, an objection must be made when the occasion arises—at the time the evidence is offered or the statement made. *Ingram* v. *Commonwealth*, 1 Va. App. 335, 341, 338 S.E.2d 657, 660 (1986). We find that the objection was not timely; thus, we do not consider its merits on appeal.

## II.

We next consider whether due process standards were violated when the jury was permitted to find an accused guilty who was charged with an offense occurring "on or about" a specific date. More precisely, the appellant argues that the weight of the evidence tended to fix the crime alleged as having occurred on a certain day, and the accused, who had asserted an alibi defense, offered convincing evidence that he could not have perpetrated the crime on that date. The trial judge, in response to an inquiry from the jury, informed them that under the indictment a verdict of guilty could be found if the offense occurred "on or about" February 17. The appellant contends the procedure followed by the trial court prejudiced his defense and deprived him of a fair trial.

Marlowe was arrested on March 6, 1984, at approximately 5:30 p.m. in the laundry area of an apartment complex located in Arlington County, where he was found with two young girls, Kim _____, age ten, and Patricia _____, age nine. An investigation resulted in charges of aggravated sexual battery and enticement involving the two girls "on or about February 17, 1984," and "on or about March 6, 1984." Both charges were consolidated in one trial. When both sides had rested, the trial court included in its instruction to the jury that the defendant was relying upon the defense that he was not present at the time and place the alleged offenses were committed. After the jury had retired, it returned with a written question for the court, which read: "To determine the verdict with the charge of enticement on February 17, 1984, does the offense have to have occurred on the 17th or could it

have occurred on or about the 17th?" The court's response was: "[T]he indictment alleges on or about the 17th day of February. A conviction could be found if the jury finds beyond a reasonable doubt that the offense set forth in the indictment . . . occurred as alleged on or about the 17th day of February, 1984."

The appellant does not question that the Commonwealth may charge that an offense occurred on a non-specific date or prove a date other than that alleged, if the date is not of the essence of the offense or not shown to be significant. *See* Code § 19.2-226(6); *Stapleton* v. *Commonwealth*, 140 Va. 475, 488, 124 S.E. 237, 242 (1924); *see also Waitt* v. *Commonwealth*, 207 Va. 230, 148 S.E.2d 805 (1966) (time was not of the essence in a statutory rape charge). The appellant concedes that under certain circumstances, where the Commonwealth is unable to present evidence to prove a specific date, there may be no due process denial even if an alibi defense is asserted. Nevertheless, the appellant argues that in this instance, where the Commonwealth's evidence tended to fix the date with specificity and particularity, and the defendant produced convincing and persuasive evidence that he could not have committed a crime at the place and time charged or proven, then the Commonwealth was bound by its evidence and could not retreat from its position and argue that the offense occurred on a date other than that proven. The appellant contends that to permit such practice effectively deprives him of his opportunity or ability to develop an alibi defense, and renders him unable to counter the Commonwealth's evidence. The appellant particularly asserts that the Commonwealth cannot during the course of the trial change its position with regard to its proof that an offense occurred on a certain date.

The Commonwealth's evidence concerning the offense alleged to have occurred "on or about" February 17 included testimony by Kim that she and Patricia first met Marlowe on February 17, 1984, which she recalled because it was the day before her tenth birthday. She remembered having discussed her birthday party with Patricia. Kim also recalled that when Marlowe asked their age, she told him that she "would be ten the next day." But in reference to the alleged offense of March 6, she testified that she next saw Marlowe *"two weeks* after February 13th," when she and Patricia were playing outside at the apartment complex after school.

Patricia also identified Marlowe as the man she and Kim encountered twice at the apartment complex. Her description of Marlowe's actions on both occasions paralleled Kim's. Both girls testified that on the earlier occasion Marlowe took Kim into a basement room while Patricia waited guard outside the door. Marlowe exposed himself to Kim and masturbated in her presence. Patricia observed through the doorway. On the second occasion, the girls testified that immediately before the police arrived and arrested Marlowe he had exposed himself to both girls and masturbated. The officers recovered a substance from the laundry room floor which laboratory analysis determined to be semen.

Patricia stated that the first incident with Marlowe occurred "the day before Kim's birthday." On cross examination she stated that it was "[t]he day after Kim's birthday;" however, she again changed to "the day before Kim's birthday" when defense counsel asked if it was the day before or the day after. She was unable to state a date of the second encounter.

The Commonwealth called Ms. Betty McCrocklin, who had telephoned the police dispatcher on March 6, 1984. Ms. McCrocklin testified that on the afternoon of March 6, 1984, as Marlowe and Kim and Patricia passed beneath her apartment's open kitchen window, she heard parts of their discussion which included references to "laundry rooms" and "playhouses." She stated that Marlowe asked the girls if they had told anyone what had happened "the week before." When she observed the three entering the basement of a building, she notified the police. The defense presented various witnesses to support an alibi defense for both dates of February 17 and March 6. Specifically Marlowe offered evidence of his whereabouts the entire day of February 17, 1984, and his whereabouts on March 6 prior to 5:00 p.m. He contended that on March 6 he was in the laundry room at the apartment complex in search of housing for his ex-wife and that whoever may have committed the acts which the girls described was someone else because he was not there until after 5:00 p.m.

The maxim that the evidence must be viewed in its entirety, including the alibi evidence, is significant to a resolution of appellant's claims. When time is not an element of the crime charged, the jury verdict will stand if the evidence is sufficient to prove beyond a reasonable doubt that a crime occurred and that the defendant committed the crime, even though the evidence is such

that there may be a reasonable doubt as to the day on which the offense occurred. Such a result does not constitute a denial of due process of law. This is not an instance in which the alibi evidence, as a matter of law, would raise a reasonable doubt; in this case there was corroboration through the testimony of independent witnesses that the criminal events occurred and that the defendant was the criminal agent—even though the evidence created uncertainty as to the specific date of one of the offenses.

■ By asserting an alibi defense, a defendant denies that he was present at the time and place where the crime charged occurred. The burden of establishing alibi is on the defendant. That burden is met if the alibi, when considered with the whole evidence, raises a reasonable doubt about the defendant's presence at the crime. *Frye* v. *Procunier*, 746 F.2d 1011, 1013-14 (4th Cir. 1984); *see Fout* v. *Commonwealth*, 199 Va. 184, 194, 98 S.E.2d 817, 824-25 (1957). Appellant contends that the Commonwealth by its evidence restricted its case to the dates of February 17 and March 6, and should be bound by that evidence. He argues that by telling the jury it could find him guilty if the crime was committed "on or about" February 17, the trial court gave the jury license to disregard the evidence and find him guilty even if it believed his alibi for February 17.

Appellant's alibi evidence for February 17 consisted of several witnesses who vouched for his whereabouts for the entire day, and included records of phone calls and restaurant receipts, complete with dates and times. For our consideration, we accept appellant's contention that his evidence necessarily created a reasonable doubt that an offense occurred on February 17 because the evidence overwhelmingly proved he was not present at the apartment complex on that date. Furthermore, the jury's question to the court regarding the date of the crime as alleged in the indictment would suggest that the appellant's evidence raised a reasonable doubt in the minds of the jurors as to his presence at the Barcroft Apartments on February 17, 1984. If the jury had found from the Commonwealth's evidence that the crime must have taken place on February 17, it would have been compelled to acquit appellant of that charge. The jury, however, having found appellant guilty of the crime as charged, must necessarily have found that the crime occurred on a date other than February 17, 1984, and ample credible evidence supports that conclusion.

■ An indictment is a written accusation of a crime and is intended to inform the accused of the nature and cause of the accusation against him. *Hairston v. Commonwealth*, 2 Va. App. 211, 213, 343 S.E.2d 355, 357 (1986). Notice to the accused of the offense charged against him assures the accused a fair and impartial trial on the merits. *Id.*

■ Clearly, the use of the term "on or about" in the indictment was consistent with the provisions of Code § 19.2-220.[1] The court's response to the jury was a restatement of the language of the indictment. It is proper for a trial court to fully and completely respond to a jury's inquiry concerning its duties. *Williams v. Commonwealth*, 85 Va. 607, 609, 8 S.E. 470, 471 (1889). Here, the court required the jury to be specific with its question and then instructed it consistently with the wording of the indictment. There was no abuse of discretion by the court in the manner it responded to the jury's question.

The appellant argues, however, that the court's answer encouraged the jury to foreclose consideration of the alibi defense and to go outside the evidence to find him guilty of committing the crime charged on a day other than that alleged in the indictment and fixed by the Commonwealth in its case-in-chief. He cites cases which hold that the prosecution should not be permitted to utilize the obscure language of the indictment as a sword to defeat a defendant's claim of alibi in the face of evidence presented on the record. *E.g., State v. Vincent*, 35 N.C. App. 369, 241 S.E.2d 390 (1978); *State v. Pierce*, 263 S.C. 23, 207 S.E.2d 414 (1974). While we agree with the holdings and rationale in these cases, we do not find them controlling here. In those cases, the offenses were alleged and proven to have occurred on a day certain; there was no variance or equivocation. In the present case, the indictment alleged that the first offense occurred "on or about February 17." The appellant requested no bill of particulars regarding the date or time of the crime charged. Counsel for the accused during cross examination made a concerted effort to fix the date of February 17 with certainty before presenting an alibi defense. However, the complaining witnesses were two young children, ages nine and ten. To require that a child or any witness be able to recall the exact

---

[1] Code § 19.2-220 provides that the indictment must: (1) name the accused; (2) describe the offense charged; (3) identify the place where the offense occurred; and (4) recite that the accused committed the offense *on or about a certain date.*

date an event occurred in his or her life in order to obtain a conviction would too often preclude prosecutions in this type of case where the victims are children and the crimes are not discovered until some time after their commission. The Commonwealth's case would too often fail because it could not specify the exact date of the offense against the child. It is this same reasoning which permits the Commonwealth to prove the commission of the crime charged on a date different than that alleged in the indictment. *See Stapleton* v. *Commonwealth*, 140 Va. at 488, 124 S.E. at 242.

In view of the children's ages, the discrepancies in their testimony concerning the February 17 date, their estimates of the length of time between the first offense and March 6, the statement by Marlowe which Ms. McCrocklin overheard concerning the events of "the week before," the February 17 date was not critical to the Commonwealth's case. We conclude that the nature of the Commonwealth's evidence was such that the jury could properly deduce that the first incident occurred on a date in February 1984, other than February 17. Additionally, the circumstances surrounding Marlowe's having been found in the girls' presence on March 6, the children's testimony as to events leading up to his arrest on that day, and his statement overheard by Ms. McCrocklin give strength to their identification of Marlowe as the man from the previous incident, and to their description of the events of that prior incident. This evidence likewise tends to diminish the significance of his alibi evidence for February 17. We conclude that the indictment and proof were sufficient to support the convictions and did not violate the accused's right to a fair trial.

We also find from the record that the court did not err in its response to the jury's question regarding the dates set forth in the indictment, and that the jury properly confined its deliberations to the evidence presented at trial in convicting the appellant of the charges.

*Affirmed.*

Baker, J., and Keenan, J., concurred.