COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

JOHN DAVID PELLEGRIN
                                            MEMORANDUM OPINION[*]
v.        Record No. 0765-98-4                 PER CURIAM
                                            NOVEMBER 24, 1998
DIANE LYNN BINGMAN PELLEGRIN

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        J. Howe Brown, Jr., Judge

        (John D. Pellegrin, pro se, on briefs).

        (David M. Levy; Surovell, Jackson, Colten &
        Dugan, on brief), for appellee.


        John David Pellegrin (husband) and Diane Lynn Bingman

Pellegrin (wife) entered into a Property, Custody, and Support

Settlement Agreement, which was affirmed, ratified, and

incorporated into the final divorce decree.  Husband appeals the

decision of the circuit court denying his request to set aside

the final decree of divorce.  He contends that the trial court

erred by (1) failing to find clear and convincing evidence that

wife perpetrated a fraud upon the court; (2) finding that husband

waived his rights to pursue fault-based divorce grounds; (3)

refusing to allow husband to present evidence of financial harm

or to award him attorney's fees and costs; and (4) allowing

certain testimony for impeachment of the parties' daughter.  Upon

reviewing the record and briefs of the parties, we conclude that

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

As the party seeking to overturn the trial court's decision, husband bears the burden to prove reversible error.

> "Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below.  Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."

Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (citation omitted).

### FRAUD

"One who advances a cause of action for actual fraud bears the burden of proving by clear and convincing evidence:  (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled."  Evaluation Research Corp. v. Alequin, 247 Va. 143, 148, 439 S.E.2d 387, 390 (1994).

Husband and wife separated in August 1989.  Wife admitted that she began a sexual relationship with Mark Ramee in late 1989.  In her trial testimony, wife denied that she had begun a sexual relationship with Ramee at the time husband asked her whether she committed adultery.  Husband asserted that he discussed adultery with wife four specific times between September 1989 and February 1990.  Wife could not recall a

specific number of times, but testified that she recalled several discussions in 1989. Wife also testified that, sometime in January or February 1990, after her daughters found a letter written to Ramee, she told husband she was "seeing" someone, to which husband responded that it was her business. Husband denied that the conversation took place.

"The credibility of the witnesses is within the exclusive province of the finder of fact because it uniquely has the opportunity to see and hear the witnesses testify and weigh their credibility based upon their appearance, demeanor and manner of testifying." Estes v. Commonwealth, 8 Va. App. 520, 524, 382 S.E.2d 491, 493 (1989). The trial court noted that husband "has a tendency . . . to change his position, and to change his testimony, when it suits him to overturn this Property Settlement Agreement." On at least one occasion during the trial, husband reversed his testimony when the court noted he had previously testified to the contrary. Although in previous pleadings husband stated that he asked wife if she was guilty of adultery during the period of August, September, and October of 1989, he asserted for the first time in this action that he continued to discuss adultery with wife through February 1990. The trial court believed wife's testimony and did not believe husband's testimony concerning when the parties discussed adultery.

The trial court found that husband also failed to establish reliance on wife's alleged misrepresentation. Husband testified

- 3 -

that he would not have entered into the settlement agreement if he had known about wife's adultery.  However, husband also testified that "these conversations with [wife] about the adultery question came up totally separately" from the negotiations on the property settlement agreement.  In addition, wife testified that husband remarked "[i]t's your business" when she told him that she was seeing someone.  One of the daughters testified that husband indicated to her that it was "no big deal" that wife was seeing someone.  While husband testified that he would not have agreed to any of the terms of the settlement agreement, the trial court as fact finder was entitled to give that testimony whatever weight it deemed appropriate.

Therefore, the trial court did not err in finding that husband failed to establish by clear and convincing evidence that wife committed actual extrinsic fraud.[1]

<u>WAIVER OF FAULT-BASED GROUNDS</u>

In its ruling from the bench, the trial court stated:
> In the Property Settlement Agreement there is a clause saying that the parties are relying on financial disclosure.
> It doesn't say anything about them relying on other disclosures.
> So I don't think the conversations,

---

[1] In her brief, wife objected to the inclusion in the appendix of certain exhibits not admitted into evidence.  Husband apparently concedes that these exhibits were not admitted as part of the record but argues that a "good cause exception" under Rules 5A:18 and 5A:25(h) authorizes this Court to consider these exhibits.  We find husband's argument unpersuasive.  Rule 5A:7 governs what constitutes the record on appeal.  As the challenged exhibits are not part of the record on appeal, we do not consider them.

whenever they took place, and I think they took place before any adultery was happening, but they didn't have anything to do with the Property Settlement Agreement, in any event.
And he said he never talked about it with the lawyers, never talked about adultery with the lawyers, at all, as to what effect it might or might not have.

Husband characterizes this statement as a finding by the trial court that he waived his right to pursue his remedies for wife's alleged adultery. We disagree. Instead, the court's remarks set out additional evidence it considered before finding that there was insufficient evidence of reliance by husband on any representations made by wife. As noted above, husband testified that the settlement negotiations were separate from any discussions concerning adultery by wife. Therefore, we find husband's argument to be without merit.

FINANCIAL HARM

The conduct of the trial and the admission of evidence is a matter left to the discretion of the trial court. See Cunningham v. Commonwealth, 2 Va. App. 358, 365, 344 S.E.2d 389, 393 (1986). The trial court noted that, if it set aside the parties' final decree, the parties would have an opportunity to present evidence on financial matters at a separate hearing. We find no error in the trial court's decision to postpone any consideration of husband's evidence of financial harm.

An award of attorney's fees is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va.

App. 326, 333, 357 S.E.2d 554, 558 (1987).  Because we find that the trial court did not err in concluding that husband failed to establish fraud, we find no abuse of discretion in its decision not to award husband attorney's fees and costs.

## IMPERMISSIBLE EVIDENCE

At the hearing below, the parties agreed to the admission, for purposes of impeachment, of the statement to which husband now objects.  None of the objections which husband now raises were made at the time the statement was admitted.  "In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity.  Rule 5A:18.  To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made."  Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986) (citation omitted).  The record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## WIFE'S REQUEST FOR ATTORNEY'S FEES

Wife seeks an award of her appellate attorney's fees.  We find an award is warranted under the provisions of the parties' settlement agreement.  See Pellegrin v. Pellegrin, No. 0143-96-4 (Va. Ct. App. Oct. 29, 1996).  We remand this case to the circuit court for a determination of wife's appellate attorney's fees.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed and remanded</u>.