COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Senior Judges Duff and Hodges


OTIS LEE WEAVER, JR.

                                         MEMORANDUM OPINION[*] BY
v.    Record No. 0835-99-4      CHIEF JUDGE JOHANNA L. FITZPATRICK
                                            JANUARY 18, 2000
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Jonathan C. Thacher, Judge

             (Robert C. Whitestone; Whitestone, Brent,
             Young & Merril, P.C., on brief), for
             appellant.  Appellant submitting on brief.

             (Mark L. Earley, Attorney General; H.
             Elizabeth Shaffer, Assistant Attorney
             General, on brief), for appellee.  Appellee
             submitting on brief.


     Otis Lee Weaver, Jr., appeals his convictions for two counts

of robbery and one count of abduction.  We granted Weaver an

appeal on the issue whether the trial court erred when it failed

to instruct the jury not to consider certain inadmissible evidence

in response to an inquiry the jury made during its deliberations.

Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we affirm the

decision of the trial court.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

On June 17, 1998, employees of the First Union Bank branch in the Kings Park Shopping Center called the Fairfax County police about a person acting suspiciously who matched the description of the suspected bank robber of the Old Keene Mill First Union Bank branch on June 10, 1998.  Officer Leeds, responding to the police dispatch call, stopped appellant at the shopping center.  Leeds testified that no one else who matched appellant's description was in the area.  Appellant agreed to accompany Leeds to the First Union Bank at the opposite end of the shopping center.  Officer Jones arrived and began to question appellant.  Jones saw a police flyer with the photographs of the suspected bank robber at the beginning of his shift that morning.  Appellant told Jones that "he was a felon, he was on probation in Baltimore, and he just wanted to get back on the bus, because he didn't want to have any problems."  During a pat-down for weapons, appellant admitted that he possessed marijuana and the police arrested appellant.  Subsequently, he was indicted on two counts of robbery, two counts of use of a firearm, and abduction in connection with the Old Keene Mill First Union Bank branch robbery on June 10, 1998.

In his opening statement at trial, the prosecutor told the jury, without objection, that appellant was identified on

-

June 17, 1998 by Kings Park First Union Bank employees based upon a poster prepared following the robbery at the Old Keene Mill First Union Bank on June 10, 1998.  On the second day of trial, appellant objected to any reference to the fact that his arrest occurred near the Kings Park First Union Bank, arguing that this information was unduly prejudicial because it implied he was preparing to rob that branch.  The Commonwealth argued that it was entitled to introduce evidence concerning the identification of appellant by bank employees based upon the police poster and his suspicious actions.  The trial court ruled that the Commonwealth could introduce the police poster and the hat and glasses taken from appellant at the time of his arrest, but that the Commonwealth could not present evidence that appellant was arrested near the Kings Park First Union Bank branch while acting suspiciously.  Following some additional testimony referring to appellant's presence near the Kings Park branch, appellant moved for a mistrial.  The trial court denied appellant's motion, but instructed the jury to consider only the evidence relevant to the charges for which appellant was on trial.

During deliberations, the jury asked "[w]as there any testimony as to the purpose of [appellant] being at First Union on 6-17-98 at Kings Park?  If yes, can the jury have access to it."  After discussion with counsel, over appellant's objections, the trial court instructed the jury that "you should

-

reach your verdict based upon the collective recollection of the jury." The trial court refused to instruct the jury to disregard the events of June 17, 1998, ruling that any further reference would draw undue attention prejudicial to either the Commonwealth or appellant.

We find no error in the trial court's decision to instruct the jurors to rely upon their collective recollection of the evidence. "It is proper for a trial court to fully and completely respond to a jury's inquiry concerning its duties." Marlowe v. Commonwealth, 2 Va. App. 619, 625, 347 S.E.2d 167, 171 (1986). However, a jury may pose a question to which no response may properly be given. See, e.g., McLean v. Commonwealth, 30 Va. App. 322, 328-29, 516 S.E.2d 717, 720 (1999) (en banc). A trial court may provide supplemental instructions to the jury over the objections of the defendant. See id. at 333, 516 S.E.2d at 722.

Identification of appellant as the robber was the key issue at his trial. Relevant evidence supporting the identification of appellant as the June 10, 1998 robber included the fact that employees of a branch bank recognized him on June 17, 1998 from the police poster and that at the time of his arrest he was wearing glasses and a hat matching those worn by the suspected robber. Appellant was not entitled to exclude all evidence arising from the events of June 17, 1998. However, any suggestion that appellant was preparing to commit another

-

robbery at the time of his arrest was prejudicial and was properly excluded from the evidence.  The trial court properly responded to the jury's question.  See generally Kennedy v. Commonwealth, 18 Va. App. 543, 445 S.E.2d 699 (1994).

The jury asked if there was any testimony as to why appellant was near the bank on June 17, 1998.  The trial court's previous ruling rendered any evidence of "why" inadmissible, but certain facts about his arrest were relevant to the Commonwealth's identification evidence.  We cannot say that the trial court's instruction to the jury to rely upon its collective recollection was reversible error.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.