COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Willis and
          Senior Judge Overton
Argued at Alexandria, Virginia


MARY O'CONNELL, S/K/A
 MARY KELLY O'CONNELL
                                   MEMORANDUM OPINION[*] BY
v.   Record No. 0286-00-4          JUDGE NELSON T. OVERTON
                                        JANUARY 30, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      R. Terrence Ney, Judge

        Jonathan P. Sheldon (James G. Connell, III,
        Assistant Public Defender, on brief), for
        appellant.

        Richard B. Smith, Senior Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Mary O'Connell (appellant) appeals her conviction for assault

on a police officer in violation of Code § 18.2-57(C).  She argues

on appeal that the trial judge erred in giving his response to a

jury question.  Finding no error, we affirm her conviction.

                            BACKGROUND

     Several police officers investigated a report of a

"suspicious" event.  When Officer Michael Spillars arrested

appellant's companion for being drunk in public, appellant tried

to intervene in the arrest.  Spillars then arrested appellant

───────────────
     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

for being drunk in public.  As the officers tried to handcuff appellant, she became combative, swung her arms, and tried to avoid their attempts to hold her.  While sitting in a police car, appellant struck her head on the barrier in the car, lacerating her head.

At the hospital, appellant had "violent outbursts" and fought medical personnel who attempted to assist her.  As Spillars tried to restrain appellant so she could get medical treatment, she attempted to bite him.  Appellant also kicked Spillars in the leg.  Officer James Nida testified that appellant fought and resisted the arresting officers and that she kicked Spillars while she was in the hospital.  Nida testified appellant "attack[ed] the closest person" to her while in the hospital.

Appellant testified she did not remember whether she fought the police officers as they tried to put her in the police car. Appellant acknowledged that the officers were present when she was treated at the hospital.  Appellant testified she asked the officers to have the nurse stop hurting her during the treatment.  Appellant also testified that, while she was in the hospital, she was trying "to get away from" the medical personnel because they were hurting her with their medical treatment.  She stated she did not intend to assault a police officer, and she did not recall kicking an officer.

-

After the jury deliberated for about twenty minutes, it asked the following question:

> Does her striking out in general mitigate the charge of assaulting an officer, or does it have to be deliberate singling out of an officer?

Appellant's counsel requested that the trial judge respond to the question with "a general answer of '[Y]ou've been presented with the evidence, you must rely on your collective understanding.'" She also asserted that the jury had been instructed on the statute, and it was within the jury's "purview to determine what exactly that means."

The trial judge concluded that telling the jurors to rely on their collective recollection of the evidence would not answer the question. The judge stated that "under the language of the statute," the answer to the first part of the question was "No." The trial judge found that Code § 18.2-57(C) does not provide for mitigation or require a "deliberate singling out." He stated, "What the statute requires is the language contained in [Jury Instruction] 1 . . . that the defendant knew or had reason to know." The trial judge answered the jury question, "No."

## ANALYSIS

Code § 18.2-57(C) provides in pertinent part:

> [I]f any person commits an assault or an assault and battery against another knowing or having reason to know that such other person is a law-enforcement officer

-

> . . . engaged in the performance of his
> public duties as such, such person shall be
> guilty of a Class 6 felony . . . .

Jury Instruction 1 stated, in pertinent part:

> The Court instructs the jury that the
> defendant is charged with the crime of
> assault on a police officer.  The
> Commonwealth must prove beyond a reasonable
> doubt each of the following elements of that
> crime:
>
> (1)  That the defendant inflicted some
> bodily hurt on Officer Michael Spillars;
>
> (2)  That the act was done in an angry,
> rude, or vengeful manner; and
>
> (3)  That the defendant knew or had reason
> to know that Michael Spillars was a law
> enforcement officer who was engaged in the
> performance of his public duties as a law
> enforcement officer.
>
> If you find from the evidence that the
> Commonwealth has proved beyond a reasonable
> doubt each of the above elements of the
> offense as charged, then you shall find the
> defendant guilty of assaulting a police
> officer . . . .

Appellant does not contend that the trial judge improperly instructed the jury on the elements of the offense.  Rather, appellant contends the trial judge should have answered the jury's question by referring it to the jury instructions instead of answering the question "directly."  She contends the trial judge's answer was "misleading" and "injected an interpretation of" Instruction 1.  She also asserts that Code § 18.2-57(C) requires proof of specific intent and that the trial judge's

-

answer was "legally incorrect" because "striking out in general" is inconsistent with the intent requirement of the statute.

"It is proper for a trial court to fully and completely respond to a jury's inquiry concerning its duties." Marlowe v. Commonwealth, 2 Va. App. 619, 625, 347 S.E.2d 167, 171 (1986) (citation omitted).  Indeed, it is error not to instruct the jury when the jury may make findings based upon a mistaken belief of the law.  See Martin v. Commonwealth, 218 Va. 4, 7, 235 S.E.2d 304, 305 (1977) (per curiam).  The trial court must "give a direct and correct response to an inquiry by the jury and its failure to do so is ground for reversal."  Shepperson v. Commonwealth, 19 Va. App. 586, 591, 454 S.E.2d 5, 8 (1995).

Code § 18.2-57(C) does not require proof that the accused "intentionally select[ed]" the victim as does a violation of Code § 18.2-57(A) and Code § 18.2-57(B).[1]  A person violates Code § 18.2-57(C) if she commits an assault or an assault and

---

[1] Code § 18.2-57(A) provides:

> Any person who commits a simple assault or assault and battery shall be guilty of a Class 1 misdemeanor, and if the person intentionally selects the person against whom a simple assault is committed because of his race, religious conviction, color or national origin, the penalty upon conviction shall include a mandatory, minimum term of confinement of at least six months, thirty days of which shall not be suspended, in whole or in part.

-

battery against another person, knowing or having reason to know that the other person is a law enforcement officer engaged in the performance of his public duties.  Nothing in the language of the statute indicates a desire by the legislature to mitigate the offense if an officer is accidentally assaulted by the accused "striking out in general."  Accordingly, the trial judge's response clearly and correctly addressed the jury question.  Furthermore, the trial judge did not provide a legally incorrect answer to the jury question or mislead the jury with his answer.

For these reasons, appellant's conviction is affirmed.

<u>Affirmed.</u>

---

Code § 18.2-57(B) provides, in part:

> However, if a person intentionally selects the person against whom an assault and battery resulting in bodily injury is committed because of his race, religious conviction, color or national origin, the person shall be guilty of a Class 6 felony . . . .

-