COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Willis


JOSEPH B. HERSEY, SR.

v.      Record No. 0010-07-2

NEW KENT DEPARTMENT OF SOCIAL SERVICES          MEMORANDUM OPINION[*]
                                                       PER CURIAM
SHAWNA MARIE WEST                                 AUGUST 28, 2007

v.      Record No. 0034-07-2

NEW KENT DEPARTMENT OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF NEW KENT COUNTY
                           Thomas B. Hoover, Judge

            (T. Scott Renick; Jean M. McKeen; Tomlin & McKeen, PLLC, on
            brief), for appellants.

            (Jeffrey M. Summers, County Attorney; Katherine Kelly Giannasi;
            Guardian *ad litem* for the minor child, on brief), for appellee.


        Joseph B. Hersey, Sr. and Shawna Marie West (collectively appellants) appeal a decision of

the trial court finding their son to be abused and neglected as defined in Code § 16.1-228.  On

appeal, appellants argue the trial court erred by:  (1) qualifying Dr. Michelle Clayton as an expert

witness in the area of forensic pediatrics in child abuse cases; (2) admitting Dr. Clayton's testimony

where she based her conclusions on hearsay statements and incomplete, incorrect, and speculative

information; and (3) admitting Dr. Clayton's testimony that the injury occurred when the child was

in the care of appellants.  Upon reviewing the record and the briefs of the parties, we conclude that

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

these appeals are without merit.  Therefore, we summarily affirm the decision of the trial court.

Rule 5A:27.

I.

Appellants contend the trial court abused its discretion by qualifying Dr. Michelle Clayton as an expert witness in the area of forensic pediatrics in child abuse cases.

> "[T]he question of the qualification of a witness to speak as an expert lies largely in the discretion of the trial court, whose judgment will not be reversed unless it clearly appears that the witness was not qualified."  A witness is qualified to speak as an expert where "he possesses sufficient knowledge, skill or experience to make him competent to testify . . . on the subject matter of the inquiry."

Nichols v. Commonwealth, 6 Va. App. 426, 431-32, 369 S.E.2d 218, 221 (1988) (citations omitted).

Without question, Dr. Clayton's education, employment experience, and professional knowledge and skill regarding child abuse qualified her to render an expert opinion in this case. Dr. Clayton is a board certified pediatrician and has received training in orthopedic injury.  She has completed subspecialty training as a forensic pediatrician in child abuse.  She has knowledge of biomechanics, diagnosis of physical abuse, distinguishing physical abuse from accidental injuries, and diagnosis of neglect in all forms.  Dr. Clayton has worked in a child abuse program at a hospital for two and one-half years.  She has evaluated hundreds of children as a forensic pediatrician.  She testified there is currently no board certification in Virginia for the field of child abuse pediatrics and there is no requirement that she have such certification in order to qualify as an expert witness. "In essence, all that is necessary for a witness to qualify as an expert is that the witness have sufficient knowledge of the subject to give value to the witness's opinion."  Velazquez v. Commonwealth, 263 Va. 95, 103, 557 S.E.2d 213, 218 (2002).  Accordingly, we find no abuse of discretion in the court's determination that Dr. Clayton was qualified to testify as an expert on the matter at issue.

Appellants argue the trial court erred by admitting the testimony of Dr. Clayton where her conclusions were based on hearsay statements and incomplete, incorrect, and speculative information. However, appellants first made this argument to the trial court during closing argument at the conclusion of the trial. At no time during the testimony of Dr. Clayton did appellants argue to the trial court that her testimony should not be admitted because it was based on hearsay or incorrect, incomplete information. "To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986). The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). Because the objection was not timely, Rule 5A:18 bars our consideration of this issue on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

III.

Appellants argue the trial court erred by allowing Dr. Clayton to testify that the injury occurred while the child was in the care of appellants. This argument presents an issue of admissibility, and the pages of the appendix cited by appellants do not show that this argument was presented to the trial court. See Rules 5A:18 and 5A:20(c). To the extent that the argument to strike Dr. Clayton's testimony, which was made to the trial court at the conclusion of all the

evidence, addresses this issue, as stated above, the objection to the admissibility of Dr. Clayton's testimony at that point in the proceedings was untimely.  Therefore, the issue is barred from consideration on appeal by Rule 5A:18.  In addition, appellants do not argue we should consider this issue under the good cause or ends of justice exceptions to Rule 5A:18.

In the last paragraph of their opening brief, appellants ask this Court to reverse the trial court's finding that the evidence established they abused or neglected their child.  However, appellants failed to list this argument as a question presented.  We decline to consider "an issue not expressly stated among the 'questions presented.'"  Hillcrest Manor Nursing Home v. Underwood, 35 Va. App. 31, 39 n.4, 542 S.E.2d 785, 789 n.4 (2001).

For these reasons, we summarily affirm the decision of the trial court.

Affirmed.