COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


DAWN DAVIS, F/K/A
  DAWN D. BELCHER
                                                    MEMORANDUM OPINION[*]
v.        Record No. 2310-09-1                            PER CURIAM
                                                       APRIL 13, 2010
PATRICK L. BELCHER


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                        Rodham T. Delk, Jr., Judge

            (Kristen D. Hofheimer; Hofheimer/Ferrebee, P.C., on brief), for
            appellant.

            (James A. Evans; T. Kirk Pretlow, Guardian *ad litem* for the minor
            child; Evans & Bryant, PLC; Pretlow & Pretlow, on brief), for
            appellee.


        Dawn Davis, f/k/a Dawn D. Belcher (mother), appeals the trial court's custody decision

awarding primary physical custody of the parties' child to Patrick L. Belcher (father).  Mother

argues that the trial court erred by (1) making an award of physical custody which was punitive and

not supported by the evidence as applied to Code § 20-124.3; (2) giving undue weight to the

custody evaluator's updated report; and (3) failing to allow counsel for the parties to put on rebuttal

evidence or argument after the Guardian *ad litem* (GAL) made his oral recommendation.  Upon

reviewing the record and briefs of the parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.


_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, we must view the evidence, and all reasonable inferences flowing from the evidence, in a light most favorable to . . . the party prevailing below." Artis v. Jones, 52 Va. App. 356, 359, 663 S.E.2d 521, 522 (2008) (citing Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 835 (2003)).

The parties married on November 8, 2003, separated on May 27, 2007, and divorced on September 23, 2009.  There was one child born of the marriage.

When the parties separated, mother and father argued, and father threatened to kill himself.  Mother took the child and left the marital residence.  Father did not visit with the child until November 30, 2007, when the trial court awarded him supervised visitation.  Dr. Brian Wald performed a psychological/custody evaluation of the parents.  In his report dated February 26, 2008, he recommended that the parties have joint legal custody and mother have primary physical custody.  Dr. Wald recommended unsupervised visitation between father and the child and suggested that the visitations gradually increase.  He also recommended that father continue his therapy and treatment with his counselor.  On June 12, 2009, Dr. Wald prepared an updated report.  He visited with father and the child in father's home.  Dr. Wald tried to visit with mother and the child in her home, but due to a communication error, Dr. Wald was unable to conduct a home study with mother.[1]  He now recommended joint legal custody, with primary physical custody to father.  Dr. Wald stated that his recommendation of a change in physical custody was based on his concerns about mother:

---

[1] Dr. Wald testified that he contacted mother and scheduled a time for a home visit. When he arrived at her house, she was not home, and when he tried to call her, she did not answer her phone.  He left a note for her to call him while he was in Manassas to schedule a home visit, but she did not call.  Mother testified that they had not scheduled a home visit.  They had discussed that Dr. Wald would be in the area, but they did not confirm a time.  She went to dinner with her family on the date in question and did not have her cell phone with her.

> I believe that the issue of prior psychological problems of Mr. Belcher is no longer an issue. However, the ongoing issue of Ms. Belcher not cooperating with visitation and blatantly not cooperating with the current Court ordered evaluation causes this writer considerable concern about her ability to look out for her son's best interests. Therefore, given the tendency of Ms. Belcher to deny visits to Mr. Belcher and not cooperate with the Court, it is now my opinion that the parents may not be able to successfully share custody, and Mr. Belcher may be the more appropriate primary custodial parent.

After presenting the evidence, both parties gave their closing arguments, and the GAL gave his recommendation, which was joint legal custody with primary physical custody to father. The trial court reviewed the factors from Code § 20-124.3 and held that the parties would have joint legal custody with primary physical custody to father. Mother timely noted her appeal.

ANALYSIS

Physical Custody

Mother argues that the trial court abused its discretion by making an award of physical custody, which was punitive and not supported by the evidence presented as applied to the factors in Code § 20-124.3.

"In matters of custody, visitation, and related child care issues, the court's paramount concern is always the best interests of the child." Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990). "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). "Where the record contains credible evidence in support of the findings made by that court, we may not retry the facts or substitute our view of the facts for those of the trial court." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 336, 417 S.E.2d 1, 2 (1992).

A court "shall consider" the factors in Code § 20-124.3 to determine the "best interests of a child" for custody or visitation. Code § 20-124.3. However, a court "'is not required to

quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)).

Mother contends the evidence presented shows that she was better suited to be the child's custodial parent, as she has been for the majority of the child's life. Mother asserts that the trial court ruled that father should be the custodial parent in order to punish mother for the miscommunication between her and Dr. Wald in scheduling a home visit. She also argues that the GAL emphasized too much of what may happen, i.e. mother will not communicate well with father or encourage a relationship between father and child if mother has primary physical custody. The GAL stated:

> But I think if she has custody, I think she's going to dig her heels
> in, and all she's going to do is comply only with the Court order
> and I think that's going to be to the detriment of [the child]
> because the child needs the love and care of both parents and they
> need to be working together and I think that's the only way you're
> going to get her to work together as if her back is somewhat
> against the wall.

Mother contends that the parties have been working together on visitation issues, and witnesses testified that the visitation exchanges had improved.

The trial court discussed the Code § 20-124.3 factors in explaining its order. The trial court emphasized that the child needs both of his parents and he needs them to "communicate openly and honestly with each other in a spirit of cooperation about his best interest." There was evidence of conflict between mother and father, and mother's failure to communicate with father.

There was no evidence the custody ruling was punitive to mother. The trial court noted that her testimony and Dr. Wald's testimony conflicted as to whether they had scheduled an appointment for him to conduct a home study, but Dr. Wald's testimony was "not impeached . . .

- 4 -

when he testified that he gave notice." Despite this mention of the miscommunication between mother and Dr. Wald, the trial court stated that it took all of the factors into account, with "no one factor necessarily more important than the other," when it determined that the child's best interests would be served if father had physical custody.

Mother further contends the trial court erred because it did not consider the history of family abuse as required by Code § 20-124.3(9); yet in her closing argument, counsel did not mention family abuse as a factor for the court to consider. Mother's counsel stated, "If Your Honor looks at those factors, the preference of the child, family abuse, that's not an issue in this case." Furthermore, mother did not object to the trial court not mentioning this factor in its ruling. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Accordingly, the trial court did not abuse its discretion in awarding physical custody of the child to father.

### Custody Evaluator's Report

Mother argues that the trial court abused its discretion in giving undue weight to the custody evaluator's updated report.

In issuing its ruling, the trial court noted the conflicting testimony between mother and Dr. Wald. It even commented on mother's argument that Dr. Wald changed his recommendation from physical custody to mother in his first report to physical custody to father in his second report in order to punish her for not meeting with him. The trial court did not accept this argument. The trial court explained, "I don't know what happened with respect to [Dr. Wald's] visitation efforts, but the fact is that it did not occur, and Dr. Wald's testimony was not impeached in this case when he testified he gave notice."

"It is well established that the trier of fact ascertains a witness' credibility, determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (*en banc*).

The trial court accepted Dr. Wald's testimony and his report. This was evidence that the trial court considered in making its ruling, but it was not the only factor that the trial court considered. As discussed above, the trial court considered all of the Code § 20-124.3 factors, with "no one factor necessarily more important than the other," and did not base its ruling primarily on Dr. Wald's report.

Therefore, the trial court did not place undue weight on Dr. Wald's updated report.

Rebuttal Argument after GAL's Recommendation

Mother argues that the trial court erred in failing to allow counsel for the parties to put on rebuttal evidence or argument after the GAL made his oral recommendation.

Prior to closing argument, the trial court explained that it would hear from mother's counsel, father's counsel, and then the GAL, and neither party would have a chance to present rebuttal argument. Mother's counsel asked for clarification from the trial court, and the trial court confirmed that mother would not have a chance to rebut the GAL. At the time, mother did not object to the trial court's procedure. The first time that mother noted her objection was in the motion for reconsideration.

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). "To be timely, an objection must be made when the occasion arises -- at the time the evidence is offered

or the statement made." <u>Marlowe v. Commonwealth</u>, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

Since mother did not object when the trial court announced its procedure for closing arguments, the issue was not preserved, and we will not consider this question presented. Rule 5A:18.

Attorney's Fees

Both parties have requested an award of attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). On consideration of the record before us, we decline to award either party attorney's fees and costs on appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

<u>Affirmed.</u>