COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Judges Frank, Huff and Senior Judge Haley

BRUCE EDWARD CAHILL

v.      Record No. 0305-12-1

MAUREEN A. CAHILL

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 18, 2012

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Patricia L. West, Judge

(Bruce Edward Cahill, *pro se*, on brief).  Appellant submitting on
brief.

(Henry M. Schwan, on brief), for appellee.  Appellee submitting on
brief.


Bruce Edward Cahill (husband) appeals a final decree of divorce.  Husband argues that the

trial court erred (1) "in the amount and level of ADA [Americans with Disabilities Act]

accommodation to be afforded to Appellant when the court denied Appellant's request for a

supplemental evidentiary hearing"; (2) in "denying Appellant's motion for a supplemental

evidentiary hearing to correct and complete the factual record and/or Appellant's motion to

introduce newly discovered evidence"; (3) in its classification, valuation and distribution of marital

property, including (a) tangible personal property at the former marital residence, (b) the house

purchased in Canada by Maureen A. Cahill (wife) during the marriage, (c) marital bank accounts,

(d) wife's vehicle, and (e) retirement accounts; (4) in ordering a "60-40 split of the (non-retirement)

assets . . . where there was not sufficient evidence of fault on the part of Appellant to support this

division of assets"; and (5) by rejecting husband's response to wife's objections to the written

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

statement of facts, adopting wife's objections to the written statement of facts, and ordering husband to file the trial transcript. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.[1] Accordingly, we affirm the decision of the trial court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light most favorable to the prevailing party, granting it the benefit of any reasonable inferences." Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

The parties married on July 31, 1985 and separated on August 15, 2008. Wife filed a complaint for divorce, alleging that husband deserted and abandoned her. Husband filed an answer and a cross-complaint, alleging that wife constructively deserted him.

The trial was scheduled for June 23 and 24, 2011. On the morning of June 23, 2011, husband's counsel moved to withdraw.[2] The trial court granted the motion to withdraw, and a consent order was signed by all parties, including husband. Husband represented himself during the two-day trial.

There were several hearings after the trial. On July 8, 2011, the trial court orally issued its evidentiary findings. On August 12, 2011, there was a hearing at which wife presented the final decree of divorce for entry. Husband retained counsel and objected to the entry of the final decree. Husband moved to schedule a supplemental evidentiary hearing, which the trial court denied. Another hearing occurred on September 30, 2011 for purposes of entering the final decree. Husband argued about several aspects of the equitable distribution ruling previously

---

[1] On December 3, 2012, husband filed a motion for an extension of time to file a reply brief. Wife filed a response in objection thereto, and husband filed a response to her objection. Upon consideration thereof, husband's motion is denied.

[2] Husband's counsel previously filed the motion, and Judge Stephen C. Mahan denied the motion on June 20, 2011. Husband's counsel renewed the motion on June 23, 2011.

issued by the trial court. The matter was continued to December 9, 2011. Husband continued to note objections to the final decree. The trial court explained that the objections were not timely because they were not made at trial. A final hearing was scheduled for January 20, 2012, when the trial court entered the final decree of divorce. Husband attached his objections to it.

Husband subsequently filed a written statement of facts for the June 23 and 24, 2011 trial. Wife objected to husband's statement of facts, and the trial court adopted wife's objections. On April 6, 2012, the trial court entered an order and found that the written statement of facts presented by husband was "an inadequate substitute for the trial transcript." Husband's statement of facts was "incomplete" and failed "to accurately represent the full trial record." The trial court noted that a transcript was available. Husband did not file a transcript from the June 23 and 24, 2011 hearing.

ANALYSIS

Issue 1

Husband argues that the trial court did not accommodate him under the ADA. He contends his attention deficit disorder affected his ability to represent himself after his attorney was allowed to withdraw the day of the trial. He argues that he should have received assistance at trial and that the trial court should have granted his request for a supplemental evidentiary hearing.

Based on the record, husband raised the issue of his attention deficit disorder and argued for accommodations under the ADA at the August 12, 2011 hearing and the April 6, 2012 hearing. Without a transcript from the June 23 and 24, 2011 hearing, we do not know whether appellant made the trial court aware of his attention deficit disorder during the trial, what accommodations he sought, and whether his condition falls under the ADA.

- 3 -

The Court of Appeals will not consider a claim of trial court error as a ground for reversal "where no timely objection was made, except to attain the ends of justice." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998) (citing Rule 5A:18). "To be timely, an objection must be made when the occasion arises – at the time the evidence is offered or the statement made." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

The issue was not timely raised, and the ends of justice exception does not apply. Raising the issue months after the trial did not enable the trial court an opportunity to consider the request. Therefore, we will not consider husband's argument.

### Issues 2 through 4

Husband argues that the trial court erred in its equitable distribution award. Husband sought discovery and a supplemental evidentiary hearing after the trial on June 23 and 24, 2011. He contends the trial court erred in awarding wife sixty percent of the marital assets. He objects to several of the trial court's rulings regarding the classification and distribution of certain real estate, bank accounts, vehicles, and retirement accounts. In several of the post-trial hearings, the trial court noted that husband did not make timely objections during the trial.

In order to review the second, third, and fourth assignments of error, a transcript of the June 23 and 24, 2011 hearing is indispensable, especially in light of the trial court's statements that husband did not timely object during trial. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). Therefore, we are unable to consider these issues.

### Issue 5

Husband argues that the trial court erred in refusing to certify his written statement of facts.

According to Rule 5A:8, an appellant may submit a transcript or a written statement of facts to be considered part of the trial record. If a party submits a written statement of facts, and the other party notes any objections to it, the trial court shall:

> (1) overrule the objection; or
> (2) make any corrections that the trial judge deems necessary; or
> (3) include any accurate additions to make the record complete; or
> (4) certify the manner in which the record is incomplete; and
> (5) sign the transcript or written statement.

Rule 5A:8(d).

Here, the trial court certified that the proposed statement of facts was incomplete. The trial court noted that a trial transcript was available and that "a written statement of facts is an inadequate substitute for the trial transcript." Further, the trial court found that husband's written statement of facts and attachments were "incomplete" and "failed to accurately represent the full trial record." The trial court explained that the statement of facts "shapes the trial record through the omission of certain testimony, and the inclusion of objections and issues not raised during the trial."

Contrary to husband's arguments, the trial court did not abuse its discretion. In its order and at the April 6, 2012 hearing, the trial court identified specific problems with the proposed statement of facts and told husband to order a transcript of the trial.

### Attorney's fees and costs

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.  We remand this case to the

trial court for determination and award of the appropriate appellate attorney's fees and costs, to

include fees and costs incurred on remand.

<u>Affirmed and remanded.</u>